Alton M. PARKER, Sr., Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 83–4300
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 6, 1984.

Alton M. Parker, Sr., pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Gilbert S. Rothenberg, Michael J. Roach, Attys., Tax. Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

Alton M. Parker was employed in 1977 as a pilot by Putz Aerial Services, Inc., from which he received $40,114.97 in wages. In addition, he received $5,569.06 in taxable pension income from the United States Air Force and $2,225.10 in long-term capital gains. Parker had previously filed valid and complete tax returns, but his 1977 return contained only his name, address, social security number and signature. The income and deduction portions of Parker's 1040 and 1040X Forms contained only asterisks or the entry "none" or "object, self-incrimination." Parker did not provide the information essential to a determination of tax liability but attached to his protest return excerpts from cases and other materials discussing the fifth amendment privilege against self-incrimination.

The Commissioner determined a tax deficiency of $14,250.04 and assessed a penalty under § 6653(a) of the IRC, 26 U.S.C. § 6653(a), for negligent or willful refusal to file an appropriate tax return. Parker sought the Tax Court's review of the Com-

missioner's decision. At trial, he conceded unreported income from wages, pension benefits, and long-term capital gains, but challenged the Commissioner's allowances for rental losses and medical expenses. He also opposed the penalty. The Tax Court upheld the Commissioner's determinations, including the imposition of the penalty. Finding no error of fact or law we affirm.

■ Parker claims that the Commissioner allowed inadequate deductions for rental loss and medical expenses. In support of his position he testified: "I have no idea what . . . [the repairs to rental property] cost me. . . . I paid medical expenses, but I can't tell you what amount at this time." The findings of the Commissioner carry a presumption of correctness and the taxpayer has the burden to refute them. *Welch v. Helvering,* 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933). The Tax Court found that Parker failed to carry this burden. We agree.

■ The Tax Court referred to two facts to uphold the penalty assessment. First, the Court noted that Parker had filed proper tax returns in previous years. This, coupled with Parker's obvious intelligence, negated the argument that Parker had a reasonable belief in the validity of his fifth amendment assertion. We agree.

■ Parker maintains that "the IRS and the government in general, including the judiciary, mistakenly interpret the sixteenth amendment as allowing a direct tax on property (wages, salaries, commissions, etc.) without apportionment." As we observed in *Lonsdale v. CIR,* 661 F.2d 71 (5th Cir.1981), the sixteenth amendment was enacted for the express purpose of providing for a direct income tax. The thirty words of this amendment are explicit: "The Congress shall have power to lay and collect taxes on income, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." The Supreme Court promptly determined in *Brushaber v. Union Pacific Ry. Co.,* 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916), that the sixteenth amendment provided the needed constitutional basis for the imposition of a direct non-apportioned income tax.

Appellant cites *Brushaber* and *Stanton v. Baltic Mining Co.,* 240 U.S. 103, 36 S.Ct. 278, 60 L.Ed. 546 (1916), for the proposition that the sixteenth amendment does not give Congress the power to levy an income tax. This proposition is only partially correct, and in its critical aspect, is incorrect. In its early consideration of the sixteenth amendment the Court recognized that the amendment does not bestow the taxing power. The bestowal of such authority is not necessary, for as the Court pointedly noted in *Brushaber:*

> The authority conferred upon Congress by § 8 of article 1 "to lay and collect taxes, duties, imposts and excises" is exhaustive and embraces every conceivable power of taxation has never been questioned, or, if it has, has been so often authoritatively declared as to render it necessary only to state the doctrine. And it has also never been questioned from the foundation . . . that there was authority given . . . to lay and collect income taxes.

240 U.S. at 12–13, 36 S.Ct. at 239–240. The sixteenth amendment merely eliminates the requirement that the direct income tax be apportioned among the states. The immediate recognition of the validity of the sixteenth amendment continues in an unbroken line. *See e.g. United States v. McCarty,* 665 F.2d 596 (5 Cir.1982); *Lonsdale v. CIR.*

■ Appellant cites *Flint v. Stone Tracy Co.,* 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911), in support of his contention that the income tax is an excise tax applicable only against special privileges, such as the privilege of conducting a business, and is not assessable against income in general. Appellant twice errs. *Flint* did not address personal income tax; it was concerned with corporate taxation. Furthermore, *Flint* is pre-sixteenth amendment and must be read in that light. At this late date, it seems incredible that we would again be required to hold that the Constitution, as amended,

empowers the Congress to levy an income tax against any source of income, without the need to apportion the tax equally among the states, or to classify it as an excise tax applicable to specific categories of activities.

Parker next maintains that he has a constitutional right to trial by jury. We addressed this issue in *Mathes v. CIR,* 576 F.2d 70, 71 (5th Cir.1978), and held:

The seventh amendment preserves the right to jury trial "in suits at common law." Since there was no right of action at common law against a sovereign, enforceable by jury trial or otherwise, there is no constitutional right to a jury trial in a suit against the United States. [Citations omitted.] Thus, there is a right to a jury trial in actions against the United States only if a statute so provides. Congress has not so provided when the taxpayer elects not to pay the assessment and sue for a redetermination in the Tax Court. For a taxpayer to obtain a trial by jury, he must pay the tax allegedly owed and sue for a refund in district court. 28 U.S.C. §§ 2402 & 1346(a)(1). The law is therefore clear that a taxpayer who elects to bring his suit in the Tax Court has no right, statutory or constitutional, to a trial by jury.

Finally, Parker maintains that the Tax Court is improperly constituted because its judges, holding office for 15 years, 26 U.S.C. § 7443(e), are not appointed for life as are Article III judges. From this he argues that decisions by the Tax Court are constitutionally void. This argument also is devoid of merit. Congress created the Tax Court by its authority vested in Article I. The statutes establishing the Tax Court are constitutional. *Melton v. Kurtz,* 575 F.2d 547 (5th Cir.1978).

In the foregoing we have addressed and disposed of issues which were not timely raised in the Tax Court and which ordinarily would not be considered upon review. *Pokress v. CIR,* 234 F.2d 146 (5th Cir.1956). In this case the pressing need to marshal limited judicial resources justifies a slight variance from the rule. By addressing these issues we seek to avoid further purposeless litigation and appeal.

The absence of a semblance of merit in any issue raised in appellant's appeal mandates a repeat of the warning we gave in *Lonsdale v. CIR,* 661 F.2d at 72, concerning the very claims raised in this case:

Appellants' contentions are stale ones, long settled against them. As such they are frivolous. Bending over backwards, in indulgence of appellants' pro se status, we today forbear the sanctions of Rule 38, Fed.R.App.P. We publish this opinion as notice to future litigants that the continued advancing of these long-defunct arguments invite such sanctions, however.

Our warning has been ignored. We now invoke the sanctions of Fed.R.App.P. 38 and assess appellant with double costs. This time we do not award damages but sound a cautionary note to those who would persistently raise arguments against the income tax which have been put to rest for years. The full range of sanctions in Rule 38 hereafter shall be summoned in response to a totally frivolous appeal.

AFFIRMED.