LLOYD E. AND TERESITA D. LAZARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lazard v. Commissioner
Docket No. 17195-82.
United States Tax Court
T.C. Memo 1984-244; 1984 Tax Ct. Memo LEXIS 431; 48 T.C.M. (CCH) 40; T.C.M. (RIA) 84244; May 7, 1984. Lloyd E. Lazard, for the petitioners. Janice C. Taylor, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: For the calendar year 1978, respondent determined a deficiency of income tax in the amount of $2,432 against petitioners, together with additions to tax of $241, under the provisions of section 6651(a)(1), and $155 under the provisions of section 6653(a). [1] Petitioners timely filed their petition herein, at which time they were residents of New Orleans, Louisiana. In opposition to respondent's determination, the petition alleged that: a. the statutory notice herein was void, since it was issued in violation of orders of a United States District Court, and thus violated petitioners' Fourth and Fifth Amendment rights. b. This Court has no legal standing or competence to hear the present controversy. c. Petitioners demand a trial by jury. d. Respondent's statutory notice was issued outside the period of limitations prescribed by section 6501. The petition contained no allegations of error or fact concerning respondent's determinations as to petitioners' income, nor as to the additions to tax determined by respondent. *433 In response to the above petition, respondent's answer, inter alia, affirmatively alleged that petitioners' income tax return for the year 1978 was filed with the Internal Revenue Service on June 26, 1979; that respondent's statutory notice herein was sent to petitioners by certified mail on May 4, 1982; that the issuance of respondent's statutory notice was therefore within three years of the filing of the return and was timely under the provisions of section 6501(a). Petitioner having filed no reply denying these affirmative allegations, respondent sought and obtained an order from this Court on November 24, 1982, under the provisions of Rule 37(c), deeming such affirmative allegations admitted. Such admitted facts thereby removed the issue of the statute of limitations from the present case. Cf. Wedgeworth v. Commissioner,T.C. Memo. 1984-225. Thereafter, on August 22, 1983, respondent filed the instant motion for summary judgment, on *434 the grounds that there were no material issues of fact in dispute, and that the case could be decided by the Court as a matter of law. See Rule 121. This motion was called for hearing, pursuant to notice, at a trial calendar of the Court at New Orleans, Louisiana, on October 31, 1983, and was recalled on November 4, 1983 and November 9, 1983, on the same calendar. Because of petitioners' unavailability at the only time which was available to the Court for hearing on this matter (petitioners were apparently involved in a proceeding in another Court at that time), the case was continued, on petitioners' assurances that they would confer with respondent and attempt to resolve any differences between them concerning respondent's determination of additional income, or would properly prepare the case for trial on the merits. Respondent's motion for summary judgment was accordingly continued to a subsequent trial session of the Court at New Orleans, Louisiana, on January 23, 1984, where the motion was argued. It appeared that after the continuance of November 9, 1983, the parties had met on one or two occasions, but that petitioners had not permitted any meaningful access to the documents *435 which petitioners claimed supported their position regarding their income, and had refused to enter into any stipulations of fact prior to trial, as required by Rule 91. As pertinent herein, Rule 34, provides: (b) Content of Petition in Deficiency or Liability Actions: The petition in a deficiency or liability action shall contain * * *" * * * (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. The assignments of error shall include issues in respect of which the burden of proof is on the Commissioner. Any issue not raised in the assignment of error shall be deemed to be conceded. Each assignment of error shall be separately lettered. (5) Clear and concise lettered statements of the facts on which petitioner bases the assignments of error, except with respect to those assignments of error as to which the burden of proof is ons the Commissioner. Rule 121, relating to summary judgments, further provides in pertinent part: (a) General: Either party may move, with or without supporting affidavits, for a summary adjudication in his *436 favor upon all or any part of the legal issues in controversy. * * * (b) Motion and Proceedings Thereon: The motion shall be filed and served in accordance with the requirements otherwise applicable. See Rules 50 and 54. An opposing written response, with or without supporting affidavits, shall be filed within such period as the Court may direct. A decision shall thereafter be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * * With respect to the first issue raised by the petition herein, respondent's motion, together with the attachments thereto, establish the following material and relevant facts, which were not disputed by petitioners: In connection with the examination of petitioners' 1978 income tax return, respondent sought enforcement of administrative summons which he had issued to petitioners, as well as to two banks in New Orleans, Louisiana, to compel production of records relating to petitioners' income. Such enforcement was sought in *437 the United States District Court for the Eastern District of Louisiana, which Court sustained petitioners' objections as to the summons to petitioners individually, and quashed them; as to the summons to the two banks, however, enforcement was ordered. From information obtained from the records of these two banks, respondent's determination as to petitioners' income for 1978 was made. In deciding a motion for summary judgment, the Court "must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought * * * with the burden on the moving party to demonstrate the absence of any material factual issue genuinely in dispute." Heyman v. Commerce and Industry Insurance Co.,524 F.2d 1317, 1320 (2d Cir. 1975). The established facts herein clearly show that respondent's determination of additional income in this case was not made in any violation of constitutional or other rights of petitioners. Although the enforcement of summonses against petitioners individually was quashed by the District Court, which apprehended a possible violation of petitioners' Fifth Amendment rights against self-incrimination, respondent's *438 determinations were based upon information obtained from summonses which were enforced against third-party record keepers. There was no violation of petitioners' Fourth or Fifth Amendment rights in this procedure. Cf. United States v. Meininger,     F. Supp.    , 84-1 USTC par. 9385 (D. Neb. 1984). The statute of limitations issue in this case having been previously disposed of by this Court by order under the provisions of Rule 37(c), the remaining issues in this case are frivolous tax protester issues which present no issues of fact and may be disposed of summarily without scholarly discussion. McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Rowlee v. Commissioner,80 T.C. 1111 (1983). [2]
*439 Although petitioners vociferously contended at argument that there were material issues of fact which were unagreed between themselves and respondent regarding the correct computation of petitioners' income, it is significant that petitioners never alleged any error nor pleaded any facts going to the substance of respondent's determinations of income and additions to tax, upon all of which matters petitioners had the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Neubecker v. Commissioner,65 T.C. 577 (1975); Bixby v. Commissioner,58 T.C. 757 (1972). Rule 142(a). Instead, while claiming that such substantial dispute existed as to the facts of petitioners' income, petitioners repeatedly frustrated the attempts of respondent and the Court to find out what those issues were. We will not lend ourselves to such a cat and mouse game, and we will hold petitioners to the issues raised in their pleadings. Rule 34(b). There being no material issues of fact in dispute, within the meaning of Rule 121, the case may be decided as a matter of law, and respondent's motion for summary judgment will be granted. Mallory v. Commissioner,T.C. Memo. 1983-257. *440 We further hold that this is an appropriate case for the imposition of damages against petitioners under the provisions of section 6673. [3] The record in this case shows that this matter has required five appearances in this Court -- once on a motions calendar in Washington, D.C. in November 1982, three times in New Orleans, Louisiana, in October and November 1983, and a final hearing on respondent's motion for summary judgment in New Orleans in January 1984. Throughout these protracted proceedings, petitioners have resisted every effort to settle any substantive differences which might exist as to their taxable income for 1978, by failing to enter into any good faith negotiations leading either to a resolution of substantive issues or preparation of an appropriate stipulation for trial, as required by our Rule 91. See also Rule 70(a). Instead, petitioners have persisted in making unsubstantiated charges of misconduct against respondent and his representatives and in devoting their whole attention to reiteration of frivolous and discredited tax protester arguments. *441 We will no longer tolerate these tactics, which overburden this Court and delay other petitioners with legitimate cases waiting to be heard. It is apparent to the Court that this case was instituted by petitioners merely for purposes of delay, which has been quite successful; the statutory notice herein was issued in 1982, it is now 1984, and the deficiency as determined by respondent still has not been paid, nor any part of it. We accordingly award damages against petitioners in the amount of $500 in favor of the United States under section 6673, and we caution petitioners that a repetition of their conduct as evidenced in this case in future proceedings before this Court may call for the imposition of even harsher sanctions. See section 6673, as amended by sections 292(b) and (e)(2), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 574. Urban v. Commissioner,T.C. Memo. 1984-85; Johnson v. Commissioner,T.C. Memo. 1984-86; cf. Parker v. Commissioner,724 F.2d 469 (5th Cir. 1984), affg. T.C. Memo. 1983-75. An appropriate order and decision will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue, and all references to Rules are to the Rules of Practice and Procedure of the Tax Court, unless otherwise noted.↩
2. A petitioner has no right to a trial by jury in proceedings before this Court. Sec. 7453; McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Abrams v. Commissioner,82 T.C. 403 (1984). This Court is properly constituted under Article I of the United States Constitution, and has full power and jurisdiction to hear and determine the instant case. Secs. 7441, 7442; Parker v. Commissioner,724 F.2d 469 (5th Cir. 1984), affg. T.C. Memo. 1983-75; Rowlee v. Commissioner,80 T.C. 1111↩ (1983).
3. As in effect for purposes of the present case, sec. 6673 reads as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision.↩