995 F.2d 1064
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert RANDOLPH, Defendant-Appellant.
 No. 92-5593.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 4, 1993
Decided: June 9, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-92-102-A)
 C. Dean Latsios, Fairfax, Virginia, for Appellant.
 Richard Cullen, United States Attorney, David G. Barger, Assistant United States Attorney, Charles P. Rosenberg, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before MURNAGHAN, HAMILTON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Robert Randolph was convicted in a bench trial of three counts of tax evasion in violation of 26 U.S.C. § 7201 (1988). He appeals his conviction and sentence. We affirm Randolph's conviction, but vacate the sentence because the district court erred in ordering restitution on Count One.
 
 
 2
 Randolph failed to file a tax return for the years 1984 to 1991. From 1984 to 1988, he filed a W-4 form with his employer, the United States Department of Commerce and later the United States Patent and Trademark Office, in which he claimed exemption from withholding. In 1988, the Internal Revenue Service (IRS) informed Randolph's employer that he was not exempt from withholding and the employer began withholding taxes from his pay.
 
 
 3
 Randolph was indicted for failing to file a return and filing a false W-4 form for 1986, 1987, and 1988. He moved to dismiss the indictment on the grounds that the statute, 26 U.S.C.s 7201, does not impose a tax but only a penalty, and that § 7201 does not apply to resident United States citizens. The district court denied the motion, and Randolph was convicted of all three counts.
 
 
 4
 On appeal, Randolph again contends that the indictment fails to charge an offense because § 7201 is only a penalty statute and imposes no tax. However, § 7201 charges an attempt to evade "any tax imposed by this title." Taxes are imposed in other sections within Title 26. It is well-established that a failure to file a tax return, coupled with the existence of a deficiency and an affirmative act calculated to mislead or conceal which shows that the failure to file a return was willful, constitutes tax evasion. Spies v. United States, 317 U.S. 492, 499 (1943); United States v. Shelton, 669 F.2d 446, 459 (7th Cir.), cert. denied, 456 U.S. 934 (1982). Therefore, the indictment charged a real offense.
 
 
 5
 Second, Randolph argues that § 7201 does not apply to him because it is an excise tax based on the exercise of a privilege although employment is a right, not a privilege. The Supreme Court cases he relies on do not support his contention. See Parker v. Commissioner, 724 F.2d 469, 471-72 (5th Cir. 1984). The district court did not err in denying the motion to dismiss the indictment.
 
 
 6
 Randolph contests the probation officer's calculation of his offense level for Counts Two and Three, which was adopted by the district court over his objection at sentencing. We find that the offense level was correctly calculated. The probation officer followed the direction of section 2T1.1(a)* to use the offense level from section 2T4.1 which corresponded to the "tax loss." The tax loss is the greater of (A) the total amount of tax that the taxpayer evaded or attempted to evade, or (B) the "tax loss" defined in section 2T1.3 as 28% of the amount by which the greater of gross income and taxable income was understated.
 
 
 7
 Based on the IRS's determination of tax owed from 1984 to 1988 and the amount withheld from 1989 to 1991, the amount of tax Randolph evaded was $77,366.14. The tax loss, or 28% of his gross income for the period (none of which was reported at all), was $102,029.55. This amount yielded an offense level of twelve.
 
 
 8
 Randolph maintains that his failure to file a return was not an understatement of his income, and thus section 2T1.3 cannot apply in his case. However, his failure to report any income on a tax return was the equivalent of an understatement of income. The commentary to section 2T1.1 lists failure to report income and understatement of income as similar violations of § 7201. U.S.S.G. § 2T1.1, comment. (n.3). The guideline does not indicate that section 2T1.3 should not apply to failure to report income in the same way it applies to understatement of income when a return is filed. Therefore, the district court did not err in adopting the probation officer's calculation of the offense level.
 
 
 9
 Further, Randolph's argument that amounts withheld by his employer from 1989 to 1991 should not be included in the calculation of tax loss because there was no actual loss to the government in those years is misplaced because, under section 2T1.3, the tax loss is determined without regard to the actual loss to the government. Instead, it is a percentage of the amount of income which was understated.
 
 
 10
 Finally, Randolph correctly objects to the district court's order that he pay restitution of the amount of tax owed for 1986. This offense occurred on April 15, 1987, and is not subject to the sentencing guidelines. Restitution for a pre-guideline offense is authorized under two statutes, 18 U.S.C.A. § 3651 (West 1985) (Federal Probation Act), repealed effective November 1, 1987, and 18 U.S.C.A.s 3663 (West 1985 & Supp. 1992) (Victim and Witness Protection Act [VWPA], enacted in 1982 and still in effect. See United States v. Helmsley, 941 F.2d 71, 101 (2d Cir. 1991), cert. denied, 60 U.S.L.W. 3578 (U.S. 1992). Under § 3651, restitution may be ordered as a condition of probation. Under § 3663, violations of Title 26, the Internal Revenue Code, are not among the offenses for which restitution may be ordered.
 
 
 11
 Because the district court did not impose a sentence of probation on Count One, and the VWPA does not apply to tax evasion, we vacate the sentence and remand for resentencing on Count One.
 
 
 12
 In all other respects, the conviction and sentence are affirmed. Randolph's motion for an expedited appeal is granted consistent with the normal workload of this Court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)