David L. CAMPBELL and Mary
E. Campbell, Appellants,

v.

DIRECTOR OF REVENUE, Respondent.

No. WD 52133.

Missouri Court of Appeals,
Western District.

June 25, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 30, 1996.

Application to Transfer Denied
Sept. 17, 1996.

David L. Campbell, St. Louis, for appellants.

Jeremiah W. (Jay) Nixon, Attorney General, Michelle D. Voss, Assistant Attorney General, Jefferson City, for respondents.

Before LAURA DENVIR STITH, P.J.,
and ULRICH and SMART, JJ.

ULRICH, Judge.

Mr. and Mrs. Campbell (taxpayers) appeal the decision of the Administrative Hearing Commission (AHC) finding that the Director of Revenue was not time barred in issuing a

notice of deficiency to taxpayers for their 1986 income tax return.

The order of the Administrative Hearing Commission is reversed.

## BACKGROUND FACTS

Taxpayers filed a timely Missouri income tax return on April 15, 1987, for the 1986 tax year. The IRS audited the taxpayers 1986 federal income tax return. The audit resulted in adjustments, and the IRS assessed additional tax attributable to the additional identified taxable income. The Director of Revenue was notified of the adjustments by the IRS on March 11, 1991. The Director then notified the taxpayers that they must file an amended 1986 Missouri income tax return to avoid additional interest and penalties.

Taxpayers claim to have filed an amended Missouri return on August 15, 1991. The Director intercepted the taxpayers' Missouri income tax refunds for calendar years 1991 and 1993 and notified the taxpayers in each instance that the refund was applied to the amount due on their 1986 return. The Director issued a notice of adjustment on September 14, 1994. The taxpayers wrote a letter to the Director on September 26, 1994, disputing the notice of adjustment. Included with the letter was an unsigned copy of an amended 1986 return showing calculations using the IRS adjustments. The Director sent another notice of adjustment on October 26, 1994, but this was followed by a letter dated two days later displaying the correct

balance. The taxpayers requested a hearing. The Director once again sent a letter to the taxpayers explaining that the notice of October 26 was erroneous and asserted the correct balance due.

On January 3, 1995, the Director sent a notice of deficiency to the taxpayers by certified mail for the amount due on the 1986 return. The Director issued her final decision on March 28, 1995. The taxpayers filed a petition with the Administrative Hearing Commission. The Commission found that the taxpayers had not filed an amended return on August 15, 1991, and that an amended return was filed on September 28, 1994, as an enclosure to a letter, making the Director's January 3, 1995, notice of deficiency timely pursuant to section 143.711(4).[1]

## ARGUMENT ON APPEAL

The taxpayers' only point on appeal claims that the Commission erred in finding the Director's notice of deficiency was timely. The Commission found that the taxpayers did not file an amended return on August 15, 1991, section 143.711.5 did not apply, and the Director's time period for giving of notice of deficiency under section 143.711.4 expired on March 11, 1992. However, the Commission determined that the unsigned Missouri return form accompanying the letter of September 26, 1994, constituted an amended return and that the statute of limitations under 143.711.1 had not run on the amended return, making the Director's notice of deficiency to the taxpayers timely.

---

1. Section 143.711 RSMo 1994 states, in pertinent part:

    1. Except as otherwise provided in this section and section 143.721, a notice of deficiency shall be mailed to the taxpayer within three years after the return was filed. No deficiency shall be assessed or collected with respect to the year for which the return was filed unless the notice is mailed within the three-year period or the period otherwise fixed.

    \*    \*    \*    \*    \*    \*

    4. If a taxpayer fails to comply with the requirement of section 143.601 by not reporting a change or correction increasing his federal taxable income or by not filing an amended return, a notice of deficiency may be mailed to the taxpayer within one year after the director of revenue shall become aware of such determination. A notice under this subsection shall be

limited to the effects on Missouri taxable income of:

    (1) The issues on which the federal determination is based, and

    (2) Any change in the amount of his federal income tax deduction under the provisions of subsection 1 of section 143.171.

    5. If the taxpayer shall pursuant to section 143.601 report a change or correction or file an amended return increasing his federal taxable income or report a change or correction which is treated in the same manner as if it were a deficiency for federal income tax purposes, the assessment (if not deemed to have been made upon the filing of the report or amended return) may be made at any time within one year after such report or amended return was filed. A notice under this subsection shall be limited in the manner provided in subsection 4 of this section.

■ Generally, appellate review is limited to determining whether the decision of the AHC is supported by substantial and competent evidence based on the record as a whole; whether the Commission's decision is arbitrary, capricious, or unreasonable; or whether the Commission abused its discretion. *S.E. Missouri Hosp. Ass'n v. Missouri Dep't. of Social Services*, 886 S.W.2d 94, 97 (Mo. App.1994). The reviewing court does not substitute its judgment on factual matters for that of the Commission's. *EBG Health Care III, Inc., v. Missouri Dep't Of Social Services*, 882 S.W.2d 143, 145 (Mo.App.1994). However, questions of law are matters for independent judgment. *S.E. Missouri Hosp. Ass'n*, 886 S.W.2d at 97. The reviewing court makes its own conclusions of law from the AHC's findings. *Id.*

■ The AHC determined that the taxpayers did not file an amended return on August 15, 1991, as they claimed. The taxpayers presented no evidence other than their own testimony that this return was mailed. The Director's custodian of records testified that an amended return was not received until September 28, 1994. The Commission judges the credibility of witnesses. *EBG*, 882 S.W.2d at 145. When the evidence would establish either of two opposite possible findings, the factual determination of the Commission is upheld. *Id.*

Section 143.711.5 allows the Director to issue a notice of deficiency within one year after a report or amended return is filed pursuant to section 143.601.[2] Under section 143.601, if the amount of the taxpayer's federal taxable income is changed by the IRS, the taxpayer is to report such change within ninety days of the final determination. Any taxpayer filing an amended federal income tax return shall also file an amended Missouri return and provide such information as the Director of Revenue may require. The taxpayers failed to satisfy the requirements of section 143.601. They did not notify the Director of Revenue within the ninety days of the alteration to their federal income tax liability. The Director did not receive an amended Missouri return until five years after the IRS had made its adjustments. Since the taxpayers did not file an amended return or report the correction in accordance with section 143.601, section 143.711.5 does not apply.

Section 143.711.4 applies when the taxpayer has not complied with the requirements of section 143.601. This section provides that a notice of deficiency may be mailed to the taxpayer within one year after the Director of Revenue shall become aware of such determination. Section 143.711.4. While this section provides the Director one year to give notice, it does not reduce the normal three year statute of limitations provided in section 143.711.1 that is otherwise applicable. 12 CSR 10–2.105. This section is to provide the Director additional time where the general statute of limitations has run or is about to run and a change has been made in the federal tax liability. The Director of Revenue was notified by the IRS of the additional assessments on March 11, 1991. Absent another applicable provision, this notice would give the Director until March 12, 1992, one year after receiving notification, to send a notice of deficiency.

The AHC determined that the three year statute of limitations under section 143.711.1

---

**2.** Section 143.601 states:

Report of change in federal taxable income. If the amount of a taxpayer's federal taxable income reported on his federal income tax return for any taxable year is changed or corrected by the United States Internal Revenue Service or other competent authority, or as the result of a renegotiation of a contract or subcontract with the United States, the taxpayer shall report such change or correction in federal taxable income within ninety days after the final determination of such change, correction, or renegotiation, or as otherwise required by the director of revenue. Each such report shall state whether and wherein the determination is believed to be erroneous. Any taxpayer filing an amended federal income tax return shall also file within ninety days thereafter an amended return under sections 143.011 to 143.996 and shall give such information as the director of revenue may require. If a taxpayer does not file a federal income tax return under sections 143.011 to 143.996 then

(1) For purposes of the first sentence of this section, he shall be deemed to have filed a return indicating no taxable income, and

(2) For purposes of the third sentence of this section, his initial federal income tax return shall be deemed to be an amended return.

had not expired, and, therefore, the Director's January 3, 1995, notice of deficiency to the taxpayers was timely. The Commission concluded that the unsigned copy of a return accompanying the September 26, 1994, letter constituted an amended return, and, therefore, the Director had three years from this date in which to send a notice of deficiency. This conclusion was incorrect. The copy of the return accompanying the letter was not presented as an amended return for filing with the Director. The document was not signed by the taxpayers, their names did not appear at the top of the form as required by the form, the form did not reflect it was presented as an amended return and the accompanying letter did not present the form for filing as an amended return. Thus, the form failed to comply with Department of Revenue requirements for returns, and the taxpayers expressed no intent that the form was offered as an amended return.

Additionally, even if the enclosed form were an offered amended return for filing, the Director's notice of deficiency to the taxpayers was untimely. Section 143.711.1 is the general statute of limitations. Except as otherwise provided, a notice of deficiency shall be mailed within three years after the return is filed. The original return is the operative return for purposes of the period of limitations. The amended return does not extend the statute. *Zellerbach Paper Co. v. Helvering,* 293 U.S. 172, 180, 55 S.Ct. 127, 130–31, 79 L.Ed. 264 (1934); *Kaltreider Construction, Inc. v. United States,* 303 F.2d 366, 368 (3d Cir.1962), *cert. denied,* 371 U.S. 877, 83 S.Ct. 148, 9 L.Ed.2d 114 (1962). This is so even though at the time of the filing of the original return omissions or inaccuracies exist as to make amendment necessary. *Zellerbach,* 293 U.S. at 180, 55 S.Ct. at 130–31. The time running from the original filing of the 1986 return expired April 15, 1990.

Since the time period under sections 143.711.1 and 143.711.4 has expired, the notice of deficiency was barred by the statute of limitations. The Commission erred in determining that the three year statute had not expired.

The order of the Administrative Hearing Commission finding that the Director of Revenue was not time barred in issuing her January 3, 1995, notice of deficiency to the taxpayers for their 1986 Missouri income tax return is reversed.

All concur.

