# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50017
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODNEY LYLE ROBERTS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:16-CR-709-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Rodney Lyle Roberts appeals his convictions and sentence for four counts of making and subscribing false federal income tax returns in violation of 26 U.S.C. § 7206(1) and requests a hearing en banc. Roberts's underlying argument is that the income he failed to report on the tax returns in question was not subject to federal income taxation. Construed liberally, *see Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993), Roberts's brief challenges the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50017

sufficiency of the evidence supporting his convictions, as well as the procedural correctness of his sentence given that the district court's guidelines calculations were based upon the total tax loss.

Roberts contends that, under *Brushaber v. Union Pac. Ry. Co.*, 240 U.S. 1, 10-13 (1916), the federal income tax is an excise tax that applies only to income derived from a privilege controllable by the government and not to income such as his, which was derived from common right contract payments made by private, nongovernmental entities. In *Parker v. Comm'r*, 724 F.2d 469, 471-72 (5th Cir. 1984), we rejected a similar challenge to the breadth of the federal income tax system that also relied in part on *Brushaber*. The *Parker* court stated that, "[a]t this late date, it seems incredible that we would again be required to hold that the Constitution, as amended, empowers the Congress to levy an income tax against any source of income, without the need to apportion the tax equally among the states, or to classify it as an excise tax applicable to specific categories of activities." *Id.*

Despite Roberts's expressed disagreement with the *Parker* decision, one panel of this court may not overrule the decision of another where, as here, there is no intervening contrary or superseding decision by the Supreme Court or this court sitting en banc. *See United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002). Given that Roberts's underlying legal argument is foreclosed by *Parker*, his related challenges to the sufficiency of the evidence supporting his convictions and the sentencing guidelines calculations lack merit. *See United States v. Carbins*, 882 F.3d 557, 562-63 (5th Cir. 2018). The district court's judgment is AFFIRMED.

Finally, Roberts has failed to establish that "en banc consideration is necessary to secure or maintain uniformity of the court's decisions" or that "the proceeding involves a question of exceptional importance." FED. R. APP. P.

No. 18-50017

35(a); *see* 5TH CIR. R. 35.1. Accordingly, Roberts's petition for en banc hearing is DENIED.