In the
 Missouri Court of Appeals
 Western District
 BRAD AND CHRISTINE FRANCIS, )
 )
 Appellants, ) WD84199
 )
 v. ) OPINION FILED: July 6, 2021
 )
 DIRECTOR OF REVENUE, )
 )
 Respondent. )

 Appeal from the Administrative Hearing Commission

 Before Division Three: Gary D. Witt, Presiding Judge, Mark D. Pfeiffer, Judge and
 W. Douglas Thomson, Judge

 Brad and Christine Francis ("the Francises") appeal the decision of the

Administrative Hearing Commission1 ("the Commission") finding the Francises liable for

$5,064 in State income tax, $253.20 in additions, plus interest. On appeal, the Francises

allege that the Commission erred in: (1) finding that the Francises admitted that they had

worked and earned money to support its conclusion that the Francises had taxable income

for the taxable years at issue; (2) admitting Exhibits A and A-1 through A-12 because they

were admitted before the Francises were allowed to make their objections; (3) admitting

 1
 The Francises' points in their brief allege error by the "Director of Revenue," but it is apparent that they
are alleging error in the Commission's decision.
Exhibits B-1 through B-5 because such exhibits were only properly admissible in matters

involving "Motor Vehicles, Watercraft and Aviation" and not in income tax cases; and (4)

finding that the Director of Revenue ("Director") had issued a final decision for the

Commission to review because the Director's decision was based on improperly altered

documents. We affirm the decision of the Commission.

 Factual and Procedural Background2

 The Francises were residents of Missouri in 2013, 2014, and 2015, the years relevant

to this appeal. In 2013, Brad Francis ("Brad")3 was employed at Fiber Glass Systems and

received $142,794 in wages, tips, and/or other compensation according to his W-2.

Christine Francis ("Christine") performed contract work, primarily refereeing soccer

games and doing medical transcription, and the IRS's Wage and Income Transcript shows

that she received $1,200 from Refpay LLC; $26,714 from Pro-Scribe Document Solutions;

$646 from Missouri Referee Development Program; and $717 from KJCCC. In 2014, the

Francises filed timely 2013 federal and state tax returns showing income of $0, Missouri

tax of $0, and seeking a refund from Missouri of $6,529. The Department of Revenue

issued a Notice of Proposed Changes, proposing alternate figures for income and tax, and

later, the Taxation Division of the Department of Revenue issued a decision finding that

there had been income and calculating unpaid tax, addition to tax, and interest, showing a

balance due of $2,524.

 2
 We defer to the Commission regarding the credibility of evidence. Campbell v. Dir. of Revenue, 927
S.W.2d 452, 454 (Mo. App. W.D. 1996).
 3
 To avoid confusion, this opinion will refer to Brad Francis as "Brad" and to Christine Francis as
"Christine." No familiarity or disrespect is intended.

 2
 In 2014, Brad earned $111,212 from Fiber Glass Systems, and Christine earned

$9,721 from Lockton Management, LLC; $600 from Refpay; $25,121 from Pro-Scribe

Document Solutions; and $792 from KJCCC. The Francises again filed a MO-1040, to

which they attached their federal 1040, and again claimed income and tax of $0; they

requested a refund of $4,873. The Department of Revenue sent a Notice of Proposed

changes, finding that the Francises had income and tax, and the Taxation Division found a

balance due, after addition to tax and interest, of $925.

 In 2015, Brad earned $149,782 from Fiber Glass Systems, and Christine earned

$39,801 from Lockton Management; $2,057 from Missouri Referee Development

Program; and $1,455 from Heartland Soccer Association. The Francises also had

"proceeds" of $5,900 from Coffelt Land Title. The Francises again filed a MO-1040

showing income and tax of $0. The Department of Revenue sent a Notice of Proposed

changes, finding that the Francises had income and owed tax; the Taxation Division found

a balance due, after addition to tax and interest, of $2,029.4

 The Francises protested all of the notices of proposed changes showing a deficiency

for each of the years in question. They argued that, under Title 26 of the United States

Code, they were not "employees" who earned "wages" for federal income tax purposes,

and they, therefore, did not have federal adjusted gross income for purposes of the Missouri

income tax. The Francises also maintained that Missouri's income tax is a "lawful, valid,

 4
 The Director of Revenue's Decision appears to have calculated the Francises' income based only on Brad's
wages from Fiber Glass Systems and Christine's wages from Lockton Management. The income from other sources
appears not to have been included.

 3
and enforceable excise on privilege" and not a direct tax on income, which they contend is

only a "measure of the privilege."

 The Director of Revenue's Decision concluded that the notices of deficiency issued

by the Department were correct and found that the Francises were liable for a total due of

$5,717 for taxable years 2013, 2014, and 2015. The Department of Revenue intercepted

the Francises' 2016 and 2017 tax refunds to pay the balance owed from the 2013, 2014,

and 2015 taxable years. The Francises appealed the Director's Decision to the Commission,

which conducted a contested hearing. The Francises objected to the admission of

documents offered by the Department of Revenue including an affidavit by Kimberly

Gorman, the Department's custodian of records, and several documents from the IRS. The

Commission admitted the documents but noted that "if the exhibits contain information

that might be otherwise inadmissible" it would affect the weight the exhibits would be

given. The Commission ultimately issued a decision finding the Francises liable for state

income taxes, additions, and interest. The Francises then filed a "motion to declare

mistrial" which the Commission construed as a motion to reconsider. The Commission

issued a final amended decision that again found the Francises liable for the amounts. This

appeal follows.

 Standard of Review

 We review an administrative decision arising from a contested case pursuant to

sections 536.100 to 536.140. Nowden v. Div. of Alcohol & Tobacco Control, 552 S.W.3d

114, 117 (Mo. banc 2018). "Generally, appellate review is limited to determining whether

the decision of the [Commission] is supported by substantial and competent evidence based

 4
on the record as a whole; whether the Commission's decision is arbitrary, capricious, or

unreasonable; or whether the Commission abused its discretion." Campbell v. Dir. of

Revenue, 927 S.W.2d 452, 454 (Mo. App. W.D. 1996). We will uphold the Commission's

factual findings if they are supported by substantial evidence on the record as a whole.

New Garden Rest., Inc. v. Dir. of Revenue, 471 S.W.3d 314, 317 (Mo. banc 2015). "The

Commission judges the credibility of witnesses." Campbell, 927 S.W.2d at 454. But we

review the Commission's interpretation of applicable statutes de novo. New Garden Rest.,

471 S.W.3d at 317. "[I]t is within the discretion of the fact-finder as to whether to admit

or exclude evidence and such a decision will not be overturned absent an abuse of

discretion." C.L.E.A.N., LLC v. Div. of Emp't. Sec., 405 S.W.3d 613, 630 (Mo. App. W.D.

2013) (internal quotation omitted).

 Analysis

 We will address the Francises' points on appeal5 out of order for ease of analysis.

The Francises argue in their "point d" that the Commission lacked authority or jurisdiction6

 5
 Although neither party challenges this Court's jurisdiction on appeal, we have an obligation to determine
our own authority to hear all appeals that come before us, acting sua sponte if necessary. Maly Com. Realty, Inc. v.
Maher, 582 S.W.3d 905, 910 (Mo. App. W.D. 2019). The Missouri Constitution confers exclusive appellate
jurisdiction to the Missouri Supreme Court in all cases involving the construction of the revenue laws of this state.
MO. CONST. art. V, § 3. Therefore, any cases involving "(1) construction (2) of revenue laws (3) of this state"
have appellate jurisdiction lying exclusively with the Missouri Supreme Court. Armstrong-Trotwood, LLC v. State
Tax Comm'n, 516 S.W.3d 830, 834 (Mo. banc 2017). The Francises' argument, and the substantive issue in this
case, is whether the Francises performed work and earned income under the federal income tax code, 26 U.S.C. §
3401(c), so it does not involve construction of revenue laws "of this state." Moreover, a case does not involve
construction of a revenue law if the law at issue has already been interpreted (by the Missouri Supreme Court if it is
a state revenue law, and presumably by the federal courts if it is a federal law) and this Court can dispose of the
issue by merely applying that construction of law to the facts of the case. See Twelve Oaks Motor Inn v. Strayhan,
96 S.W.3d 106, 108-09 (Mo. App. S.D. 2003). The federal courts have uniformly rejected the Francises' position,
finding it to be frivolous. Accordingly, this case does not require transfer to the Missouri Supreme Court on a
jurisdictional basis.
 6
 The Francises use jurisdiction and authority interchangeably. The Commission "is 'an adjunct executive
agency,' not a court vested with judicial power." Cass C'nty v. Dir. of Revenue, 550 S.W.3d 70, 74 (Mo. banc 2018).
"The [C]omission is not constitutionally vested with subject matter jurisdiction, as the courts of this state are; rather,

 5
to rule on their appeal because there had not been a final decision from the Director of

Revenue in that the Director had exceeded his own authority. Specifically, they contend

that section 143.6117 does not permit the Director to estimate a person's income when the

person has filed a timely tax return, even if, as here, the person falsely declares income of

zero.

 Section 621.050.1 provides that "any person or entity shall have the right to appeal

to the administrative hearing commission from any ruling, order, decision, assessment or

additional assessment made by the director of revenue." And a decision by the Director

"is final upon the expiration of thirty days from the date when he mails notice of his action

to the taxpayer unless within this period the taxpayer seeks review of the director of

revenue's determination by the administrative hearing commission." Section 143.651. The

Francises appealed the Director's Decision to the Commission pursuant to these provisions.

 Section 143.611.2 provides, "If the taxpayer fails to file an income tax return, the

director of revenue shall estimate the taxpayer's taxable income and the tax thereon from

any available information and notify the taxpayer of the amount proposed to be assessed

as in the case of a deficiency." The Francises argue that they did file Missouri tax returns,

albeit claiming zero income, so section 143.611.2 does not allow the Director to estimate

their income from available sources, such as IRS documents. Instead, they essentially

claim that section 143.611.1 allows the Director to examine a filed return "to determine the

correct amount of tax," but that the Director may only consider the correct amount of tax

it is merely conferred with statutory authority to take certain actions. This authority statutorily granted to the
[C]omission should not be equated to the subject matter jurisdiction constitutionally granted to courts." Id.
 7
 All statutory references are to RSMo. 2016, as updated by supplement, unless otherwise noted.

 6
based on the amount of income claimed by the filers on the tax return. They imply that the

logical conclusion is, since their return lists an income of $0, and the Director lacks

authority to alter their income tax return, the "correct amount of tax" on $0 is $0. They

conclude that since the Director exceeded his authority, his Decision was not final, and

thus the Commission lacked authority to consider the appeal of the Decision.

 Had the Director exceeded the authority of the office by using the resources at its

disposal to determine the proper amount of taxable income8 that the Francises should have

listed on their Missouri returns, that error still would not have rendered the Decision

somehow not final for purposes of appeal to the Commission. The Commission operates

expressly for the purpose of reviewing administrative decisions based on a claimed error

in the underlying decision. See section 621.050.1. If, as argued by the Francises, any

claimed error rendered an administrative decision not final and therefore unappealable, the

Commission would never have authority to hear any appeals.

 Moreover, it was the Francises who requested that the Commission hear their appeal

of the Director's Decision. They cannot now claim error in the Commission's granting the

relief they themselves requested. See Shoate v. State, 529 S.W.3d 869, 876 (Mo. App.

W.D. 2017) ("[O]ne who is awarded the relief prayed is not an aggrieved party and may

not appeal from the judgment in his favor.”). "[I]f a party seeks a ruling that could

ultimately be detrimental to that party, if the party obtains the judgment sought, the party

is not aggrieved so as to entitle that party to appeal." Id. The Francises asked the

 8
 Section 143.611.1 states, "If the director of revenue finds that the amount of tax shown on the return is less
than the correct amount, he shall notify the taxpayer of the amount of the deficiency proposed to be assessed." The
Director clearly acted within his authority in this case.

 7
Commission to review the Director's decision, which it did. The Francises cannot now

credibly claim that the Commission lacked authority to consider their appeal. The

Francises' "point d" is denied.

 The substantive portion of the Francises' argument, in their "point a," is that the

Commission erred in finding that they had taxable income, and therefore owed tax, because

they were not "employees" who earned "income" under the federal income tax code, 26

U.S.C. § 3401(c). They also claim that federal and Missouri's income taxes are not direct

taxes on income but rather are "lawful, valid, and enforceable excise[s] on privilege," that

income is a measure of the privilege, and that this makes the taxes invalid. The Francises'

position is one commonly argued by tax protesters, and it has been determined consistently

by multiple courts over the course of over thirty years to be frivolous. See, e.g., Parker v.

Comm'r, 724 F.2d 469, 471-72 (5th Cir. 1984) (refuting allegation that "the income tax is

an excise tax applicable only against special privileges" and finding Congress empowered

to levy income tax against any source of income); United States v. Latham, 754 F.2d 747,

750 (7th Cir. 1985) (finding taxpayer's argument that the IRC category of "employee"

would "not include privately employed wage earners" a "preposterous reading of the

statute"). The Francises cite no opinions from any court accepting their theories. We find,

as many courts have done, that their arguments herein are meritless. The Francises' "point

a" is denied.

 The Francises argue in their "point b" and "point c" that the Commission erred in

admitting the Director's Exhibit A and Exhibits A-1 through A-12, and Exhibits B-1

through B-5 at the hearing. Exhibit A is an affidavit of Kim Gorman, the Director's

 8
custodian of records, outlining the Director of Revenue's Decision with respect to the

Francises and attesting that the accompanying exhibits were true and correct copies.

Exhibits A-1 through A-10, referenced in the affidavit, are documents originated by the

IRS including "Account Transcripts" for the years 2013-2015 and transcripts of the

Francises' W-2s and 1099s and mortgage interest for the years 2013-2015, as well as a copy

of the Director's Decision. Exhibits B-1 through B-5 are copies of the Francises' W-2s with

affidavits from Gorman attesting to their accuracy. Exhibits A-11 and A-12 are copies of

Brad's and Christine's Linked In pages showing that they worked for Fiber Glass Systems

and Lockton Companies, respectively.

 We find that it is unnecessary to review the propriety of the Commission's admission

of these documents. Pursuant to section 621.050.2, the Francises bore the burden of proof

at the administrative hearing.9 To satisfy that burden, they are required to present evidence

that they in fact had taxable income of $0 and therefore were entitled to a refund of their

Missouri tax assessed and collected by the Director of Revenue. They presented no such

credible evidence. On the contrary, both Brad and Christine testified at the hearing that

they did perform work, for which they received money. The Francises' appeal to the

Commission was based solely on their spurious legal arguments. They argued:

 And so our understanding of the law is exactly the polar opposite of
 the Director's understanding of the law. And we believe that this is the
 fundamental issue at stake.

 9
 The Francises claim that the Director bore the burden at the administrative hearing because they
"produced evidence. . . that established a reasonable dispute with the Director's findings and show the Commission's
decision was made against the weight of the evidence." They produced no such evidence, only the legal argument
above, which we reject.

 9
 So our position is that it's an excise on federal privilege. The
 Director's position, as stated in his response, is that it is a direct tax. And so,
 while we construe the income tax, to administer an indirect or an excise on
 federal privilege, they construe the income tax, to essentially impose a direct
 tax. And so we view the evidence, in the light of our understanding of the
 law.
 So the evidence will show, and we will testify that we do not deny
 working for certain companies, but we will deny working for those
 companies within the meaning of the Internal Revenue Code. We don't deny
 receiving money from certain companies, but we will deny receiving money
 within the meaning of the Internal Revenue Code.
 And it's because our understanding of the law dictates how we view
 the evidence, just as the Director's understanding of the law views how they
 see the evidence. And so we will, in the end, ask the Commission to find for
 us, as a matter of law. We believe we're entitled to judgment as a matter of
 law.

 The Commission rejected the Francises' legal argument, as do we. And because the

Francises failed to meet their burden to produce evidence that their taxable income was $0

as they claimed, it is irrelevant whether the Director's evidence supporting his Decision

was properly admitted. Points b and c are denied.

 Conclusion

 For all of the above-stated reasons, we affirm the Decision of the Commission.

 Gary D. Witt, Judge

All concur

 10