Filed 3/4/26  Ryan v. Salinas Union High School District CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MICHAEL RYAN: HOLDEN KLINGLER, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> SALINAS UNION HIGH SCHOOL DISTRICT, <br><br> Defendant and Respondent. | H053015 <br> (Monterey County <br> Super. Ct. No. 22CV002775) |

Plaintiff and appellant Michael Ryan: Holden Klingler appeals from the trial court's August 2024 order denying his non-statutory motion to vacate the judgment in this case.  Acknowledging that such motions are generally non-appealable, Mr. Klingler contends the judgment in this action is void, which would make the August 2024 order appealable.  We conclude Mr. Klingler has not met his burden to show that the judgment is void.  Accordingly, we dismiss the appeal because the August 2024 order is not appealable.

## I.    BACKGROUND[1]

In September 2022, Mr. Klingler filed a verified "Petition For Relief."  He alleges that he contracted with defendant and respondent Salinas Union High School District (the

---

[1] This appeal arises from the denial of a motion to vacate a judgment following the sustaining of a demurrer without leave to amend.  Accordingly, we take the facts from

District) in June 2018 to become a mathematics teacher for the District. Initially, he refused to submit a Social Security card, but later did so after the assistant superintendent of personnel threatened to withdraw the job offer unless Mr. Klingler submitted various tax-related federal forms. Mr. Klingler alleges that on the original forms he filled out, he wrote "[t]his form does not apply to me," which, according to him, shows he did not request that his pay be subject to withholding.

Mr. Klingler further alleges that he does not believe any language exists in the federal Internal Revenue Code or the Revenue and Taxation Code that subjects him to taxation. He first attempted to address the issue of taxation with the federal Internal Revenue Service and the Franchise Tax Board, but then decided to raise the issue with the District. Mr. Klingler provided the District with a "Notice of Misapplication." The District responded by asserting that Mr. Klingler's contract is subject to state and federal income taxation. The District has continued to withhold some of Mr. Klingler's pay for state and federal taxes.

Mr. Klingler's petition sets forth two separate "primary right theory" claims. In January 2023, the District filed a demurrer to both claims in the verified petition, arguing these claims did not state sufficient facts to constitute a valid cause of action. The District argued that Mr. Klingler's claims were statutorily barred under federal and California law, and that the District was immune from liability. The District asserted that Mr. Klingler's pay is subject to taxes and that the District is legally required to withhold those taxes. Mr. Klingler opposed the demurrer, arguing that the District failed to establish a duty to withhold and report taxes because it did not "state a *bona fide* federal income tax that subjects [his] contract to federal income tax law."

---

Mr. Klingler's verified petition. (See *Stevenson v. Superior Court* (1997) 16 Cal.4th 880, 885 ["Because this matter comes to us on demurrer, we take the facts from plaintiff's complaint, the allegations of which are deemed true for the limited purpose of determining whether [the] plaintiff has stated a viable cause of action. [Citation.]"].)

Following a March 2023 hearing, the trial court issued an order in which it stated the District had "clearly identified the laws that subject [Mr. Klingler] to federal, state and Medicare tax liability." The court sustained the demurrer without leave to amend. Mr. Klingler moved for reconsideration, which the trial court denied in May 2023. In July 2023, the court formally dismissed Mr. Klingler's action with prejudice.

In May 2024, Mr. Klingler filed a motion to vacate the trial court's orders on the demurrer, motion for reconsideration, and dismissal of the petition, arguing the orders were void. In opposition, the District contended the motion was untimely and therefore the court had no jurisdiction to rule on it. Mr. Klingler clarified in his reply that he was moving to vacate the orders under the court's "*inherent power*, and not by *statutory authority*." He argued his motion was timely because the orders were void and could be set aside at any time.

The trial court heard Mr. Klingler's motion to vacate in August 2024 and denied it as untimely. The court did so through a minute order; it did not issue a separate written order. In February 2025, Mr. Klingler filed a notice of appeal of the trial court's order denying the motion to vacate the dismissal of the petition.[2]

## II. DISCUSSION[3]

### A. *Legal Principles Concerning Appealability*

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment. [Citations.]" (*Griset v. Fair Political*

___

[2] In the August 2024 minute order, the trial court also denied as untimely Mr. Klingler's motion for judicial notice supporting his motion to vacate. Mr. Klingler timely appealed that order as well.

[3] Mr. Klingler filed a request for judicial notice of a variety of case law, statutes, regulations, and rules of court. He also requests judicial notice of certain "facts" regarding instructions on various tax forms. Judicial notice of these items is unnecessary as Mr. Klingler can (and does) cite to the case and statutory authorities in his brief and other items can be cited to in the record to the extent they were considered in the trial court. (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 45, fn. 9 ["A request for judicial notice of published material is unnecessary. Citation to the material is

3

*Practices Com.* (2001) 25 Cal.4th 688, 696.) "A trial court's order is appealable when it is made so by statute. [Citations.]" (*Ibid.*)

"[A]n order denying a motion to vacate a judgment is generally not appealable; otherwise, an appellant would receive 'either two appeals from the same decision, or, if no timely appeal has been made, an unwarranted extension of time in which to bring the appeal.' [Citation.]" (*Carlson v. Eassa* (1997) 54 Cal.App.4th 684, 690 (*Carlson*).) However, "an exception to this general rule applies when the underlying judgment is void. In such a case, the order denying the motion to vacate is itself void and appealable because it gives effect to a void judgment." (*Id.* at p. 691.)

"A judgment is void if the court rendering it lacked subject matter jurisdiction or jurisdiction over the parties. Subject matter jurisdiction 'relates to the inherent authority of the court involved to deal with the case or matter before it.' [Citation.] Lack of jurisdiction in this 'fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' [Citation.]" (*Carlson*, *supra*, 54 Cal.App.4th at p. 691.) "[L]ack of jurisdiction also exists when a court grants 'relief which [it] has no power to grant.' [Citations.] Where, for instance, the court has no power to act 'except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites,' the court acts without jurisdiction in this broader sense. [Citation.]" (*Ibid.*)

Stated slightly differently, "[l]ong-standing Supreme Court precedent dictates that 'a judgment is not void if the court has jurisdiction of the parties and of the subject matter, irrespective of whether or not the complaint states a cause of action so long as it

---

sufficient."]; see also *Padilla v. City of San Jose* (2022) 78 Cal.App.5th 1073, 1078, fn. 2 [judicial notice may be denied where it is "duplicative and unnecessary to resolving the appeal"].) We therefore deny Mr. Klingler's request.

4

apprises the defendant of the nature of the plaintiff's demand.' [Citations.]" (*First American Title Ins. Co. v. Banerjee* (2022) 87 Cal.App.5th 37, 44 (*Banerjee*).)

Whether a judgment is void is a question of law, which we review de novo. (*Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 822.)

**B.**     ***The Order on the Motion to Vacate is not Appealable***

As a threshold issue, we must determine whether the trial court's August 2024 order denying Mr. Klingler's motion to vacate the judgment is appealable. The District argues the order is not appealable because it is a non-statutory motion to vacate. Mr. Klingler acknowledges this general rule, but nonetheless contends he can appeal the order because the underlying judgment is void on its face.

We first note that the trial court's dismissal of Mr. Klingler's petition is considered by law to be a "judgment." (Code Civ. Proc., § 581d ["All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes."].) So that leaves the question of whether the court's dismissal of the petition was void.

As discussed above, " '[a] judgment is void on its face if the court which rendered the judgment lacked personal or subject matter jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant. [Citations.]' [Citation.]" (*Carr v. Kamins* (2007) 151 Cal.App.4th 929, 933.) It does not appear that the trial court lacked personal or subject matter jurisdiction over his claims, nor does Mr. Klingler argue as much. Nor does he claim that his petition failed to apprise the District of the nature of his demand. (See *Banerjee, supra*, 87 Cal.App.5th at p. 44.) In addition, Mr. Klingler asks that we "instruct the trial court to order [the District] to cease reporting and withholding and to correct the tax record." Thus, Mr. Klingler implicitly concedes that the trial court can grant relief if his claims are meritorious. (See *Adoption of Matthew B.* (1991) 232 Cal.App.3d 1239, 1269 (*Matthew B.*) ["Where a court has subject matter jurisdiction, a

5

party's request for or consent to action beyond the court's statutory power may estop the party from complaining that the court's action exceeds its jurisdiction. [Citation.]"].)

Instead, Mr. Klingler's arguments concerning voidness go to the substantive merits of his claims. He contends "all prejudgment orders, the judgment, and the post judgment order awarding costs, are void on their face, null, in so far as they rely on [the District's] authorization and legal requirement to withhold state and federal income taxes from [Mr. Klingler's] pay . . . ." He later argues that "[w]ith no apparent basis in law and the order in direct conflict with the law governing [Mr. Klingler's] motion, the order denying [Mr. Klingler's] motion to vacate is absent jurisdiction and void."

Mr. Klingler goes on to contend that the trial court's misapplication of certain case and statutory authorities makes the judgment void. For example, he asserts a statement made in the case of *Parker v. Commissioner* (5th Cir. 1984) 724 F.2d 469, 471, regarding the holding of an older Supreme Court case "is contrary to established Supreme Court precedent, and consequently void on its face." Expressing his disagreement with the cases of *United States v. Lund* (D.Or. 2012) 2012 U.S.Dist.LEXIS 16154, *11, *Wilcox v. Commissioner* (9th Cir. 1988) 848 F.2d 1007, 1008, footnote 2, and *United States v. Nelson* (*In re Becraft*) (9th Cir. 1989) 885 F.2d 547, 548, each of which held that the Sixteenth Amendment of the United States Constitution authorizes a direct non-apportioned income tax on resident United States citizens, Mr. Klingler states that "[t]he trial court's assertion [his] pay is subject to [Internal Revenue Code section] 1 based on this law is just another branch added to the same debunked and void theory of law." Similarly, he states that "[t]he application of [Revenue and Taxation Code section 17041] to [his] pay is void of authority" and that the trial court's application of Internal Revenue Code section 3403 "outside the authorization of the text . . . is void."[4]

---

[4] Internal Revenue Code section 3403 states that "[t]he employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter [26 U.S.C.

6

In short, Mr. Klingler's argument seems not to be that the trial court lacked jurisdiction to hear the matter, but only that it had no jurisdiction to rule unfavorably to him by relying on cases he believes were incorrectly decided. But his argument is simply a disagreement about the application of the law to his allegations, not about jurisdiction. "Once a court has established its power to hear a case, it may make errors with respect to areas of procedure, pleading, evidence, and substantive law. [Citations.]" (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56.) Such errors are nonjurisdictional. (*Armstrong v. Armstrong* (1976) 15 Cal.3d 942, 950-951 ["The error of which plaintiffs in this case complain does not reach the *power* of the court to act, but concerns instead a mistaken application of law."].) Thus, even if we were to conclude the trial court made an error in applying the substantive law, it would not result in a void judgment based on lack of jurisdiction.[5] (See *Matthew B.*, *supra*, 232 Cal.App.3d at p. 1268 ["That the trial court may have wrongly decided the matter does not defeat or limit its jurisdiction or affect the validity or the finality of its judgment."].)

Mr. Klingler has not met his burden to show that the trial court's dismissal of his petition was void. This, in turn, means that the court's August 2024 order denying his motion to vacate the dismissal is not appealable. We therefore dismiss Mr. Klingler's appeal.

## III.   DISPOSITION

Mr. Klingler's appeal is dismissed. Costs on appeal are awarded to the District. (Cal. Rules of Court, rule 8.278(a)(1).)

---

§§ 3401 et seq.], and shall not be liable to any person for the amount of any such payment." (26 U.S.C. § 3403.)

[5] We acknowledge Mr. Klingler's sincere belief that he does not have to pay federal income taxes. We, however, have no need to, and do not, reach any conclusion that the trial court erred in its analysis on this issue.

_____
KULKARNI, J.*

WE CONCUR:

_____
GROVER, ACTING P. J.

_____
DANNER, J.

_Klingler v. Salinas Union High School District_

H053015

---

\* Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.