Angie GARLOCK, Claimant/Appellant,

v.

GLOBAL PRODUCTS, INC., and
Division of Employment
Security, Respondents.

No. ED 90513.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 26, 2007.

Angie Lynne Garlock, St. Louis, MO, pro se.

Global Products, Inc., St. Peters, MO, pro se.

Matthew R. Heeren, Jefferson City, MO, for respondents.

PATRICIA L. COHEN, Chief Judge.

Angie Garlock (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing her application for review concerning her claim for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was eligible to receive unemployment benefits. Claimant's employer appealed this decision to the Appeals Tribunal of the Division. On July 11, 2007, the Appeals Tribunal issued a decision reversing the deputy's decision and concluding Claimant was ineligible for unemployment. On Sep-

tember 14, 2007, Claimant filed an application for review with the Commission. The Commission dismissed her application for review, concluding it was untimely. Claimant appeals to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division asserts that Claimant's application for review to the Commission was untimely and thus, the Commission and this Court are without jurisdiction to review her case. Claimant has not filed a response to the motion.

In an unemployment case, a claimant has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. Here, the Appeals Tribunal mailed its decision to Claimant on July 11, 2007. The application for review was due thirty days later, on August 10, 2007. *Id.* Claimant filed her application for review by facsimile on September 14, 2007, and it was untimely under Section 288.200.1.

The unemployment statutes fail to provide any exception to the thirty-day requirement. Without any provision for a late application for review, the failure to file a timely application divests the Commission of jurisdiction and therefore, it can only dismiss the application. *Brown v. MOCAP, Inc.,* 105 S.W.3d 854, 855 (Mo. App. E.D.2003). This Court's jurisdiction is derived from that of the Commission, and if it lacks jurisdiction, then so do we. *Truel v. Division of Employment Security,* 166 S.W.3d 131, 132 (Mo.App. E.D. 2005). Accordingly, we must dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW, J., Concurs.

NANNETTE A. BAKER, J., Concurs.