W. Brent Powell, Judge
Cass County seeks review of an administrative hearing commission decision allowing the director of revenue to redistribute tax revenue owed to the city of Lee's Summit but erroneously paid to Cass County. Cass County argues the commission's decision is not authorized by law because this is a refund matter and no application for a refund was filed. Because this is not a refund matter, Cass County fails to demonstrate the commission's decision is not authorized by law, and the commission's decision is affirmed.
I. Factual and Procedural History
The city of Lee's Summit is split between two counties, Cass County and Jackson County. Both Lee's Summit and Cass County impose a sales tax on utility service for domestic use, as allowed by § 144.032.[1] Jackson County does not impose such a tax. Consequently, sales tax revenue from utility service collected from Lee's Summit residents in Cass County is distributed by the department of revenue to Lee's Summit and Cass County, while sales tax revenue from utility service collected from Lee's Summit residents in Jackson County is payable only to Lee's Summit.
Kansas City Power & Light ("KCP&L") sold electricity and gas services to Lee's Summit residents located in both Cass and Jackson counties. These residents paid sales taxes to KCP&L and, in turn, KCP&L remitted the taxes along with *72 monthly tax returns to the department of revenue. KCP&L's tax returns from December 2008 through November 2011 mistakenly coded all sales taxes received from Lee's Summit residents as Lee's Summit/Cass County and failed to code any sales taxes received as Lee's Summit/Jackson County. As a result, revenue from sales taxes received for utility services from Lee's Summit residents in Jackson County during that period was mistakenly distributed to Lee's Summit and Cass County rather than paid only to Lee's Summit.
The director of revenue discovered this mistake and notified Cass County that, because of KCP&L's erroneous tax returns, Cass County had been paid approximately $966,692 in tax revenue that should have been paid to Lee's Summit. The director further informed Cass County this erroneous distribution of tax revenue would be corrected over a three-year period via monthly amended tax returns filed by KCP&L. Based on these amended tax returns, the director would withhold a certain amount of monthly sales tax revenue from KCP&L utility service normally owed to Cass County and distribute this revenue to Lee's Summit. This would occur each month until the total amount of tax revenue erroneously distributed to Cass County was redistributed to Lee's Summit.
Cass County responded by seeking a writ prohibiting the director from withholding the tax revenue and redistributing it to Lee's Summit The Cole County circuit court granted the requested writ relief, and the director appealed. The court of appeals reversed and directed the circuit court to quash its writ of prohibition, holding a writ was inappropriate because Cass County had an adequate remedy by appeal to the administrative hearing commission. State ex rel. Cass Cty. Mo. v. Mollenkamp , 481 S.W.3d 26, 31 (Mo. App. 2015).
In accordance with the court of appeals' decision, Cass County appealed to the commission, arguing the director lacked legal authority to withhold tax revenue owed to Cass County and redistribute it to Lee's Summit. The commission disagreed, and Cass County filed a petition for review in this Court. This Court has jurisdiction pursuant to article V, § 10 of the Missouri Constitution.[2]
II. Cass County's Argument
"This Court will uphold the Commission's decision when it is authorized by law and supported by competent and substantial evidence upon the record as a whole unless clearly contrary to the reasonable expectations of the General Assembly." New Garden Rest., Inc. v. Dir. of Revenue , 471 S.W.3d 314, 317 (Mo. banc 2015) (internal quotations omitted); see also § 621.193. Cass County argues the commission's decision is not authorized by law in that the director has no legal authority to withhold tax revenue owed to Cass County and redistribute the revenue to Lee's Summit. According to Cass County, the only remedy to correct the improper distribution of tax revenue required KCP&L to file a refund with the department of revenue and distribute the refunded tax revenue to Lee's Summit. Cass *73 County argues, because KCP&L did not seek a refund, the $966,692 in tax revenue improperly distributed to Cass County cannot be redistributed to Lee's Summit.[3]
Cass County argues the director has only two options pursuant to § 67.525-pay the tax revenue to Cass County; or authorize a refund. Because the director is not paying the tax revenue to Cass County, Cass County concludes a refund is the only option. This argument ignores § 67.525, which specifically applies to "county sales taxes collected by the director of revenue under sections 67.500 to 67.545 ." Section 67.525.1 (emphasis added). This case concerns taxes collected pursuant to § 144.032, not §§ 67.500 to 67.545.[4]
Nevertheless, Cass County argues this is a refund matter and, as such, KCP&L is required to apply for a refund pursuant to § 144.100.4, which it has not done. Cass County specifically relies on § 144.190.2 to conclude this is a refund matter. Section 144.190.2 states in relevant part:
If any tax, penalty or interest has been paid more than once, or has been erroneously or illegally collected, or has been erroneously or illegally computed, such sum shall be credited on any taxes then due from the person legally obligated to remit the tax pursuant to sections 144.010 to 144.525, and the balance, with interest as determined by section 32.065, shall be refunded to the person legally obligated to remit the tax....
No party disputes KCP&L remitted the correct amount of taxes to the department of revenue. In other words, there is no claim the department erroneously or illegally collected or computed the amount of taxes, nor is there any claim KCP&L is owed any credit or balance based on overpayment of taxes. The issue is not with the amount of taxes computed and collected from KCP&L-which would be the subject of a refund-but rather the amount of revenue distributed from such taxes to Lee's Summit and Cass County. Simply put, this is not a refund matter contemplated by § 144.190.2.
Therefore, Cass County's refund argument is unavailing, and it does not otherwise refute the commission's basis for its decision, namely § 32.087.6 (providing "the director of revenue shall perform all functions incident to the administration, collection, enforcement, and operation of [any local sales tax]") and article IV, § 15 of the Missouri Constitution (providing all nonstate funds "shall be promptly credited to the fund provided by law for that type of money"). Accordingly, Cass County has failed to demonstrate the commission's decision is not authorized by law. See New Garden Rest. , 471 S.W.3d at 317 ; § 621.193.
III. The Director's Arguments
The director also challenges the commission's decision, arguing the commission was not authorized to review the director's actions and, contrary to the *74 court of appeals' decision in Cass County , the proper legal remedy for Cass County is a writ rather than an appeal to the commission.[5] The director argues this is not a matter the commission is authorized to review and attempts to frame the argument in terms of the commission lacking "subject matter jurisdiction" to hear Cass County's appeal. However, the commission is "an adjunct executive agency," not a court vested with judicial power. State Tax Comm'n v. Admin. Hearing Comm'n , 641 S.W.2d 69, 75-76 (Mo. banc 1982) ; see also Mo. Const. article V, § 1. "[A]n administrative body or even a quasi-judicial body is not and cannot be a court in a Constitutional sense." Id. at 75 (internal quotations omitted). The commission is not constitutionally vested with subject matter jurisdiction, as the courts of this state are; rather, it is merely conferred statutory authority to take certain actions. This authority statutorily granted to the commission should not be equated to the subject matter jurisdiction constitutionally granted to courts. Cf. J.C.W. ex rel. Webb v. Wyciskalla , 275 S.W.3d 249, 254 (Mo. banc 2009) ; see also McCracken v. Wal-Mart Stores E. , 298 S.W.3d 473, 478 (Mo. banc 2009) (noting "sloppy references" to "subject matter jurisdiction" lying with an administrative body rather than a court). The director's attack on the commission's decision is not jurisdictional in nature but is instead an argument that its decision was not "authorized by law." See § 621.193.
A party seeking to review a decision by the commission may certainly argue the decision was not authorized by law. See id. But the director did not file a petition or cross-petition for review of the commission's decision. Therefore, the director is merely a respondent in the matter before this Court. While a respondent is entitled to advance any argument in support of the decision being reviewed, Rouner v. Wise , 446 S.W.3d 242, 249 n.5 (Mo. banc 2014), that entitlement does not extend to separate arguments challenging the decision.
"The general rule of appellate procedure is that, in the absence of a cross-appeal, the reviewing court is concerned only with the complaint of the party appealing and that the opposing party who filed no appeal will not be heard to complain of any portion of the trial court's judgment adverse to him." Goldberg v. State Tax Comm'n , 618 S.W.2d 635, 642 (Mo. 1981) ; see also Kelly v. Hanson , 959 S.W.2d 107, 112 (Mo. banc 1997) ; State ex rel. Ginger v. Palmer , 198 S.W.2d 10, 11 (Mo. banc 1946) ; State ex rel. Caruthers v. Little River Drainage Dist. , 271 Mo. 429, 196 S.W. 1115, 1118 (Mo. banc 1917). This general rule applies equally to cases before this Court on a petition for review. Goldberg , 618 S.W.2d at 643. If the director wished to challenge the commission's decision to the extent it was unfavorable, it was incumbent upon the director to file a petition or cross-petition for review. See id. As a respondent, the director's arguments challenging the commission's decision are not properly before this Court and will not be considered. See id.
IV. Conclusion
The Commission's decision is affirmed.
Draper, Breckenridge and Stith, JJ., concur;
Russell, J., dissents in separate opinion filed;
Fischer, C.J., and Wilson, J., concur in opinion of Russell, J.
*75 DISSENTING OPINION
Mary R. Russell, Judge
I respectfully dissent. I agree with the principal opinion that this Court does not have exclusive appellate jurisdiction over this case under article V, § 3 of the Missouri Constitution. In my opinion, this case does not involve the construction of the revenue laws of this state. But I do not believe this Court has jurisdiction under article V, § 10 of the Missouri Constitution or Rule 83.01. I cannot conclude this case presents an issue of general interest or importance and, accordingly, I do not agree with this Court's exercise of discretionary authority to grant transfer on its own motion.
Article V, § 10 permits this Court to order transfer of a case "before ... opinion [of the court of appeals] because of the general interest or importance of a question involved in the case." In this case, two political subdivisions disagree as to whether the Director of Revenue has the authority to withhold tax revenue from one entity and redistribute it to the other for the dual purposes of correcting an unusual coding error and properly crediting each entity with the amount of sales taxes it should have received. Because this is a particularly unique set of circumstances with a miniscule risk of frequent repetition, I cannot find this dispute presents an issue of general interest or importance.
In support of its exercise of discretionary jurisdiction, the principal opinion cites two cases in which this Court invoked its jurisdiction under article V, § 10 - Kirk v. State , 520 S.W.3d 443, 448 n.2 (Mo. banc 2017), and Breitenfeld v. Sch. District of Clayton , 399 S.W.3d 816, 820 n.3 (Mo. banc 2013). Both cases presented genuine issues of statewide importance and are distinguishable from this dispute.
In Kirk , the court of appeals mistakenly transferred the case to this Court in lieu of writing its own opinion. 520 S.W.3d at 448 n.2. Though the case involved a constitutional issue, it was not real and substantial, but merely colorable. Id. Nevertheless, this Court determined it had jurisdiction under article V, § 10 and made findings about the constitutional validity of the Sexually Violent Predator Act and the admissibility of certain types of evidence during an SVP trial. Id. at 448, 450-51, 459-62. With hundreds of SVPs civilly committed in the state of Missouri, Kirk affected a sizable number of individuals in the state. Further, the chance of the same or similar claims coming before the Court again, if left unaddressed, was substantial.
An issue of general interest or importance also existed in Breitenfeld . The question presented was whether section 167.131, RSMo 2000, which requires unaccredited school districts to pay the tuition of residents attending accredited schools in other districts, was unconstitutional. 399 S.W.3d at 820. Though the appeal should have been filed in the court of appeals, this Court granted discretionary transfer under article V, § 10, concluding the issue was one of general interest and importance. Id. at n.3. The disposition of Breitenfeld not only had the potential to impact numerous students in the Clayton and St. Louis school districts and the taxpayers in those areas, but it also had a significant prospective impact on the administration of public schools throughout the state. That these cases presented important questions for this Court to answer is evident.[1]
*76 In contrast to these two cases, which undoubtedly raised issues of general interest or importance, the issue at hand does not meet the standard required by article V, § 10 to justify this Court exercising its discretionary transfer powers. This case presents a discrete, narrow issue that, while perhaps impactful on a small subset of administrative divisions, does not warrant transfer to this Court. In my view, Cass County was in error when it sought direct review in this Court, as this Court does not have exclusive appellate jurisdiction. The proper action for this Court, as it has routinely done in the past, is to transfer the case to the court of appeals, which undisputedly has jurisdiction. Mo. Const. art. V, § 11 ; Alumax Foils, Inc. v. City of St. Louis , 939 S.W.2d 907 (Mo. banc 1997). For this reason, I dissent.

Statutory citations are to RSMo 2016.

Cass County filed its petition for review directly in this Court, alleging this Court has exclusive appellate jurisdiction pursuant to article V, § 3 of the Missouri Constitution. Cass County's petition for review should have been filed in the court of appeals, not this Court, because this Court does not have "constitutionally required" jurisdiction over Cass County's petition for review. See § 621.189. Nevertheless, this Court, on its own motion, grants discretionary transfer of the case pursuant to Rule 83.01 and article V, § 10 of the Missouri Constitution. See Kirk v. State , 520 S.W.3d 443, 448 n.2 (Mo. banc 2017) ; Breitenfeld v. Sch. Dist. of Clayton , 399 S.W.3d 816, 820 n.3 (Mo. banc 2013).

Because section 144.190.2 provides for a three-year statute of limitations for filing a refund, KCP&L is barred from filing an application for a refund to correct the improper distribution of tax revenue.

Sections 67.500 to 67.545 concern county sales tax on "property and services [that] are subject to taxation by the state of Missouri under the provisions of sections 144.010 to 144.525." Section 67.505.3 (emphasis added). Utility services for domestic use are exempted from state and local sales tax pursuant to § 144.030.2(24). Therefore, utility services for domestic use are not "subject to taxation by the state of Missouri" and are not taxable services encompassed by sections 67.500 to 67.545. Section 144.032, however, authorizes cities and counties (but not the state) to impose a sales tax on utility services for domestic use despite the exemption in § 144.030.

The director did not seek transfer following the court of appeals' decision in Cass County .

It is important to note it was the court of appeals that erred in transferring Kirk to this Court. The error here, however, was made by the parties. The fairness considerations guiding Kirk are absent here.