In the
 Missouri Court of Appeals
 Western District

 
 MOHAMMAD Q. NAJIB, 
  WD84344 consolidated with
 Respondent,  WD84443 and
 WD84454
 v. 
  OPINION FILED:
 MISSOURI COMMISSION ON HUMAN 
 RIGHTS, ET AL.; and  March 8, 2022
 
 Appellants, 
 
 MERCY CLINIC JOPLIN, 
 
 Appellant. 
 

 Appeal from the Circuit Court of Cole County, Missouri
 The Honorable Jon Edward Beetem, Judge

 Before Division Three:
 Anthony Rex Gabbert, P.J., Lisa White Hardwick and Thomas N. Chapman, JJ.

 The Missouri Commission on Human Rights (the “Commission”); Alisa Warren,

Executive Director of the Commission, in her official capacity (“Warren” or the “Executive

Director”);1 and Mercy Clinic Joplin, LLC (“Mercy”) appeal a judgment of the Circuit Court of

Cole County, which (1) granted summary judgment in favor of Mohammad Najib (“Najib”) on

1
 For ease of reference, and because the Commission and Warren litigated this matter jointly in the underlying
proceedings and on appeal, we refer to the Commission and Warren collectively as the “Commission” when
referring to these parties as litigants.
his petition for a permanent writ of mandamus; (2) directed the Commission to rescind and set

aside the portion of its April 16, 2020 determination that denied Najib a right-to-sue letter; and

(3) directed the Commission to issue Najib a right-to-sue letter on his allegations occurring on

and after August 28, 2017.

 The Commission raises two points on appeal, contending that the Commission had no

authority to issue a right-to-sue letter until it had made a determination that it had jurisdiction

with respect to Najib’s complaint; and that Najib was not entitled to a right-to-sue letter because

it was disputed whether the alleged employer in Najib’s complaint was an “employer” under the

Missouri Human Rights Act (the “MHRA” or the “Act”), section 213.010, RSMo et seq.2

 Mercy raises four points on appeal, contending that Najib failed to establish that he

submitted a request for a right-to-sue letter after his complaint had been pending for 180 days;

that the Commission had no authority to issue a right to sue letter until it had made a

determination that it had jurisdiction with respect to Najib’s complaint; and that the Commission

had authority to dismiss Najib’s complaint after 180 days on the grounds that Mercy was either

owned or operated by a religious organization.

 Because the Commission was subject to a ministerial duty to issue a right-to-sue letter

and terminate its proceedings at Najib’s request when the Commission did not complete its

administrative processing within 180 days of the filing of Najib’s complaint, the judgment is

affirmed.

2
 Unless otherwise indicated, statutory references are to RSMo 2016, as updated through the 2018 cumulative
supplement.

 2
 Background

 On June 13, 2019,3 Najib filed a complaint with the MCHR, alleging that his employer,

Mercy, had committed various unlawful discriminatory practices against Najib on the basis of

Najib’s national origin, ancestry, and/or religion. Najib submitted a written request for a right-

to-sue letter along with his complaint. Section 213.111.1 provides a mechanism for a

complainant to forego administrative remedies and pursue a civil action if the Commission does

not complete its administrative processing within 180 days of the filing of the complaint.

 180 days from June 13, 2019 was December 10, 2019. The Commission did not

complete its administrative processing of Najib’s complaint on that day. The Commission

continued to investigate the complaint beyond 180 days from the filing of Najib’s complaint. On

April 16, 2020, the Commission issued to Najib a notice of “no right to sue” on his allegations

occurring on or after August 28, 2017. The notice indicated that the Commission determined it

lacked jurisdiction over Najib’s complaint because Mercy was owned or operated by a religious

or sectarian group, which the Commission found exempted Mercy from the definition of

“employer” under the Missouri Human Rights Act. The notice stated that the Commission was

administratively closing Najib’s case with respect to allegations occurring on and after August

28, 2017 due to a lack of jurisdiction. The notice further provided that an aggrieved party could

appeal the decision pursuant to section 536.150.

3
 There was some dispute between the parties as to whether the complaint was filed on June 11, 2019 or June 13,
2019. Because all parties agree that the complaint was filed on one of those two days, and because the two-day
difference is not material to the grant of summary judgment, it is unnecessary to determine the precise date on which
the complaint was filed. For purposes of summary judgment, we view the facts in the light most favorable to the
non-moving party. Sofia v. Dodson, 601 S.W.3d 205, 208 (Mo. banc 2020). Accordingly, we cite June 13, 2019 as
the date of filing.

 3
 On May 4, 2020, Najib filed a “Petition for Judicial Review, Prohibition and Mandamus

Pursuant to §213.085 R.S.MO. And/Or §536.150 R.S.MO.”4 The petition contained three

counts. In Count I, Najib sought judicial review of the Commission order dismissing Najib’s

complaint and requested that the Commission’s order be reversed. In Count II, Najib sought a

preliminary and permanent writ of prohibition. In Count III, Najib sought a preliminary and

permanent writ of mandamus requesting that the Commission’s notice of dismissal be vacated

and the Commission be ordered to issue a right-to-sue letter.

 On May 5, 2020, the circuit court denied Najib’s request for a preliminary writ of

prohibition and issued a preliminary writ in mandamus.5 The circuit court then issued

preliminary orders in mandamus to the Commission, Warren, and Mercy, which directed each of

the respondents to file a responsive pleading to the petition in mandamus on or before July 1,

2020. Respondents filed their respective answers on July 1, 2020.

 On September 24, 2020, Najib moved for summary judgment on his petition for writ of

mandamus on the ground that the Commission was required to issue a right-to-sue letter pursuant

to section 213.111.1 because Najib had requested a letter in writing and the Commission had

failed to complete its administrative processing of his complaint within 180 days from the

complaint’s filing. The Commission and Mercy argued, inter alia, that section 213.075.1

required the Commission to withhold issuance of the right-to-sue letter until after it had made a

4
 Section 213.085.2 provides that an aggrieved person may obtain judicial review by filing a petition in an
appropriate circuit court within 30 days of notice of the commission’s final decision. Section 213.085.3 provides
that judicial review “shall be in the manner provided by chapter 536[.]” Section 536.150 provides the means for
seeking judicial review of non-contested cases.
5
 Rule 94 governs proceedings in mandamus. We note that there appear to be some deviations from the requirements
of Rule 94 in the circuit court proceedings. Nevertheless, it was clear from the circuit court’s issuance of the
preliminary writ in mandamus that the proceedings below were proceedings in mandamus, and no challenges to the
procedures utilized are raised in this appeal.

 4
determination as to its jurisdiction. Mercy argued further that, pursuant to section 213.111.1,

Najib was required to wait 180 days from filing before submitting a request for a right-to-sue

letter, which he had not established in the summary judgment record.

 On December 10, 2020, the circuit court held a hearing on Najib’s motion for summary

judgment. On February 17, 2021, the circuit court entered a judgment in favor of Najib. On

April 5, 2021, the circuit court issued an amended judgment,6 which (1) granted Najib’s motion

for summary judgment on Najib’s request for a permanent writ of mandamus; (2) directed the

Missouri Commission on Human Rights to rescind and set aside the portion of its April 16, 2020

determination that denied Najib a right-to-sue letter; and (3) directed the Missouri Commission

on Human Rights to issue Najib a “Notice of Right to Sue” on his allegations occurring on and

after August 28, 2017.

 The Commission and Mercy now appeal to this court.

 Standard of Review

 “Appellate review of summary judgment is de novo.” Seaton v. Shelter Mut. Ins. Co.,

574 S.W.3d 245, 246 (Mo. banc 2019) (citing ITT Com. Fin. Corp. v. Mid-Am. Marine Supply

Corp., 854 S.W.2d 371, 376 (Mo. banc 1993)). “Summary judgment is proper when the moving

party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to

judgment as a matter of law.” Sofia v. Dodson, 601 S.W.3d 205, 208-09 (Mo. banc 2020)

(internal quotations omitted).

 “The purpose of the extraordinary writ of mandamus is to compel the performance of a

ministerial duty that one charged with the duty has refused to perform.” Furlong Cos. v. City of

6
 The amended judgment was issued in response to the Commission’s timely motion to amend the judgment.

 5
Kansas City, 189 S.W.3d 157, 165 (Mo. banc 2006). “A writ of mandamus is not appropriate to

establish a legal right, but only to compel performance of a right that already exists.” State ex rel.

Chassaing v. Mummert, 887 S.W.2d 573, 576 (Mo. banc 1994). Because a writ of mandamus is a

discretionary writ, we review the grant of a writ of mandamus for an abuse of discretion. State

ex rel. Missouri Clean Energy Dist. v. McEvoy, 557 S.W.3d 473, 478 (Mo. App. W.D. 2018). In

this matter, the circuit court’s grant of Najib’s request for a writ of mandamus was based on the

circuit court’s interpretation of the relevant statutes under the Act. “Matters of statutory

interpretation are reviewed de novo.” Id. (quoting Burnett v. Kansas City Sch. Bd., 237 S.W.3d

237, 239 (Mo. App. W.D. 2007)).

 In this matter, the Commission and Mercy seek review of the circuit court’s grant of

summary judgment in favor of Najib on Najib’s request for a writ of mandamus. This procedural

posture is unusual, and there are different standards for reviewing the grant of summary

judgment and the issuance of a writ of mandamus. Nevertheless, because the facts material to

the circuit court’s issuance of the writ of mandamus are not in dispute, and because the issuance

of the writ was based on the circuit court’s interpretation of the relevant statutes under the Act,

our review is de novo. See id.

 Our “primary rule of statutory interpretation is to give effect to legislative intent as

reflected in the plain language of the statute at issue.” Parktown Imports, Inc. v. Audi of

America, Inc., 278 S.W.3d 670, 672 (Mo. banc 2009). “When interpreting a statute, no portion

of it is read in isolation, but rather is read in context to the entire statute, harmonizing all

provisions.” Antioch Cmty. Church v. Bd. of Zoning Adjustment of City of Kansas City, 543

S.W.3d 28, 35 (Mo. banc 2018) (internal quotations, brackets, and citation omitted). “In

determining the intent and meaning of statutory language, the words must be considered in

 6
context and sections of the statutes in pari materia, as well as cognate sections, must be

considered in order to arrive at the true meaning and scope of the words.” R.M.A. by Appleberry

v. Blue Springs R-IV Sch. Dist., 568 S.W.3d 420, 429 (Mo. banc 2019) (quoting State ex rel.

Evans v. Brown Builders Elec. Co., 254 S.W.3d 31, 35 (Mo. banc 2008)). With respect to the

Missouri Human Rights Act (Chapter 213, RSMo), the General Assembly has expressly

instructed: “The provisions of this chapter shall be construed to accomplish the purposes

thereof[.]” § 213.101.1.

 Analysis

 The Commission raises two points on appeal. In its first point, the Commission argues

that the circuit court erred in interpreting the MHRA to require the Commission to issue a right-

to-sue letter to Najib because section 213.075.1 requires the Commission to determine whether it

has jurisdiction before issuing a right-to-sue letter. In its second point, the Commission argues

that the circuit court erred in ordering the Commission to issue a right-to-sue letter because

section 213.111.1 permits the issuance of a right-to-sue letter only after the filing of a complaint

against an “employer.”

 Mercy raises four points on appeal. In its first point, Mercy argues that the circuit court

erred in entering summary judgment on Najib’s petition for mandamus because Najib was

required to show that he requested a right-to-sue letter in writing after 180 days of the filing of

his complaint. In its second point, Mercy argues that the circuit court erred in ordering the

Commission to issue a right-to-sue letter because the Commission was required to determine

whether it had jurisdiction over Najib’s complaint before it could issue a right-to-sue letter. In its

third and fourth points, Mercy argues that the circuit court erred in ordering the Commission to

issue a right-to-sue letter because the Commission acted within its discretion in dismissing

 7
Najib’s complaint beyond the 180 days from its filing on the basis that Mercy was not an

“employer” under the Act.

 For ease of analysis, we address the points raised out of order. Because the

Commission’s first point and Mercy’s second point raise the same legal issues, we first address

these points together. We then proceed to address Mercy’s first point, then the Commission’s

second point, then Mercy’s third and fourth points.

 Before addressing the points raised on appeal, we first provide background on the

Missouri Human Rights Act.

 Missouri Human Rights Act

 Section 213.020.1 created the Missouri Commission on Human Rights. Section

213.020.2 provides the purpose of the Commission: “The function of the commission shall be to

encourage fair treatment for and to foster mutual understanding and respect among, and to

discourage discrimination against, any racial, ethnic, religious or other group protected by this

chapter, members of these groups or persons with disabilities.”

 Section 213.030 provides the general powers and duties of the Commission, among them:

 (1) To seek to eliminate and prevent discrimination because of race, color, religion,
 national origin, ancestry, sex, age as it relates to employment, disability, or familial
 status as it relates to housing and to take other actions against discrimination
 because of race, color, religion, national origin, ancestry, sex, age, disability, or
 familial status as provided by law; and the commission is hereby given general
 jurisdiction and power for such purposes;

 (2) To implement the purposes of this chapter first by conference, conciliation and
 persuasion so that persons may be guaranteed their civil rights and goodwill be
 fostered;

 (3) To formulate policies to implement the purposes of this chapter and to make
 recommendations to agencies and officers of the state and political subdivisions in
 aid of such policies and purposes;

 8
 ....

 (6) To adopt, promulgate, amend, and rescind suitable rules and regulations to carry
 out the provisions of this chapter and the policies and practices of the commission
 in connection therewith;

 (7) To receive, investigate, initiate, and pass upon complaints alleging
 discrimination in employment, housing or in places of public accommodations
 because of race, color, religion, national origin, ancestry, sex, age as it relates to
 employment, disability, or familial status as it relates to housing and to require the
 production for examination of any book, papers, records, or other materials relating
 to any matter under investigation;

 (8) To hold hearings, subpoena witnesses, compel their attendance, administer
 oaths, to take the testimony of any person under oath, and, in connection therewith,
 to require the production for examination of any books, papers or other materials
 relating to any matter under investigation or in question before the commission; . .
 .

 The Act requires complaints alleging unlawful discriminatory practices under the Act to

be filed with the Commission:

 any person claiming to be aggrieved by an unlawful discriminatory practice shall
 make, sign and file with the commission a verified complaint in writing, within one
 hundred eighty days of the alleged act of discrimination, which shall state the name
 and address of the employer . . . alleged to have committed the unlawful
 discriminatory practice and which shall set forth the particulars thereof and such
 other information as may be required by the commission. . . .

§ 213.075.1.

 After the filing of a complaint, Commission staff is instructed to begin administratively

processing7 the complaint:

 After the filing of any complaint, the executive director [of the Commission]
 shall, with the assistance of the commission’s staff, promptly investigate the
 complaint, and if the director determines after the investigation that probable cause
7
 Following the 2017 amendments to section 213.075.1, the Commission must first determine that a complaint is
timely filed before it has authority to take any other action, including the act of investigating the complaint. See §
213.075.1 (“Notwithstanding any other provision of this chapter to the contrary, if a complaint is not filed with the
commission within one hundred eighty days of the alleged act of discrimination, the commission shall lack
jurisdiction to take any action on such a complaint other than to dismiss the complaint for lack of jurisdiction.”). In
this matter, the timeliness of Najib’s complaint is not at issue.

 9
 exists for crediting the allegations of the complaint, the executive director shall
 immediately endeavor to eliminate the unlawful discriminatory practice
 complained of by conference, conciliation and persuasion, and shall report the
 results to the commission. The investigation, determination of probable cause and
 conciliation shall be conducted according to such rules, regulations and guidelines
 as the commission shall prescribe.

§ 213.075.3.

 Although complaints alleging unlawful discriminatory practices under the Act must first

be filed with the Commission, the time for the Commission to investigate and administratively

process complaints is not unending. See § 213.111. Rather, the Act provides the complainant

with the option of pursuing a civil action in separate proceedings in an appropriate circuit court if

the Commission has not completed its administrative processing of the complaint within 180

days of the complaint’s filing. § 213.111.1. As pertinent here, section 213.111.1 provides:

 If, after one hundred eighty days from the filing of a complaint alleging an unlawful
 discriminatory practice . . . , the commission has not completed its administrative
 processing and the person aggrieved so requests in writing, the commission shall
 issue to the person claiming to be aggrieved a letter indicating his or her right to
 bring a civil action within ninety days of such notice against the respondent named
 in the complaint. . . . The commission may not at any other time or for any other
 reason issue a letter indicating a complainant’s right to bring a civil action. . . .
 Upon issuance of this notice, the commission shall terminate all proceedings
 relating to the complaint. No person may file or reinstate a complaint with the
 commission after the issuance of a notice under this section relating to the same
 practice or act. Any action brought in court under this section shall be filed within
 ninety days from the date of the commission’s notification letter to the individual
 but no later than two years after the alleged cause occurred or its reasonable
 discovery by the alleged injured party.

 In other words, the Commission is not required to complete its administrative processing

of a complaint in every case or to make a determination as to the merits of a complaint under the

circumstances set forth in section 213.111.1. The complainant is not required to forego his or her

administrative remedies with the Commission in pursuit of a civil action, but instead may elect to

continue to seek relief with the Commission. See id. The complainant notifies the Commission

 10
of the complainant’s election to pursue a civil action by requesting a right-to-sue letter in writing.

Id. If the Commission does not complete its administrative processing within 180 days, and the

complainant requests a right-to-sue letter in writing, “the commission shall issue to the person

claiming to be aggrieved a letter indicating his or her right to bring a civil action within ninety

days of such notice against the respondent named in the complaint.” Id. Upon issuance to the

complainant of the right-to-sue letter, “the commission shall terminate all proceedings relating to

the complaint.” Id. At that point, the complainant is authorized to pursue relief from the alleged

unlawful discriminatory practices in an appropriate circuit court, and the complainant’s pursuit

of administrative remedies with the Commission is foreclosed, as “[n]o person may file or

reinstate a complaint with the commission after the issuance of a [right-to-sue] notice under this

section relating to the same practice or act.” Id.

 The Commission’s Point One; Mercy’s Point Two

 In its first point, the Commission argues that the circuit court erred in directing the

Commission to issue a right to sue letter under the circumstances required by section 213.111.1

because section 213.075.1 requires the Commission to make a determination as to its jurisdiction

with respect to all complaints. In its second point on appeal, Mercy makes similar arguments.

Thus, we address the Commission’s first point and Mercy’s second point together.

 To be entitled to remedies on a claim of unlawful employment practices under section

213.055.1(1), the unlawful employment practice must be committed by an employer. Section

213.010(8) provides a definition for “employer,” and further provides that the term “employer”

 11
“does not include corporations and associations owned or operated by religious or sectarian

organizations.”8

 In this matter, Najib filed a complaint alleging unlawful employment practices by his

employer, Mercy. Najib requested a right-to-sue letter in writing. The Commission began

investigating and administratively processing Najib’s complaint. At some point, Mercy

contested whether it was an “employer” under the Act. The Commission investigated that

disputed allegation. The Commission did not complete its administrative processing of Najib’s

complaint within 180 days of the filing of the complaint and did not make a determination

regarding the disputed allegation of whether Mercy was an “employer” under the Act within that

time. Over four months later, by letter dated April 16, 2020, the Commission’s Executive

Director informed Najib of her determination that Najib had “NO RIGHT TO SUE on all

Allegations occurring on and after August 28, 2017” due to the Commission’s lack of

jurisdiction.9

 Section 213.111.1 governs when the Commission must issue a right-to-sue letter and

terminate administrative proceedings related to the complaint. There are two requisites: (1) the

Commission has not completed its administrative processing of a complaint within 180 days

from the complaint’s filing; and (2) the complainant requests a right-to-sue letter in writing. §

213.111.1. In this matter, the Commission failed to complete its administrative processing of

8
 Prior to the 2017 amendments, a corporation or association was not included in the definition of “Employer” when
it was “owned and operated by religious or sectarian groups[.]” (emphasis added).
9
 The letter further provided that the Commission was terminating its proceedings and issuing a right-to-sue notice
on all allegations occurring prior to August 28, 2017. No challenge is raised in this appeal on the Commission’s
action with respect to the Commission’s issuance of a right-to-sue notice for the allegations in Najib’s complaint
occurring prior to August 28, 2017. August 28, 2017 was the effective date of numerous statutory amendments to
the Act. Among these amendments was a change to the definition of “Employer.” § 213.010(8).

 12
Najib’s complaint within 180 days of the filing of Najib’s complaint, and Najib requested a right-

to-sue letter in writing. Accordingly, the Commission was required to issue to Najib a right-to-

sue letter and terminate the administrative proceedings related to the complaint after the 180-day

period had passed. At that point, the Commission had no authority to continue investigating the

complaint, to make determinations as to the merits of the allegations in the complaint, or to take

any other action related to the complaint. Because the Commission had a ministerial duty to

issue a right-to-sue letter and terminate proceedings, the circuit court did not err in directing the

Commission to perform these actions and to vacate the actions the Commission had no authority

to take.

 The Appellants argue that section 213.111.1 does not require the issuance of a right-to-

sue letter under the circumstances set forth in section 213.111.1 if the Commission has yet to

make a determination regarding its jurisdiction with respect to the complaint. In particular,

Appellants argue that section 213.075.1 was amended in 2017 and that the amended language

requires the Commission to continue investigating complaints beyond 180 days and to withhold

issuance of a right-to-sue letter even when the circumstances set forth in section 213.111.1

requiring its issuance have been met.

 In 2017, section 213.075.1 was amended to include the following language regarding the

jurisdiction of the Commission:

 The failure to timely file a complaint with the commission shall deprive the
 commission of jurisdiction to investigate the complaint. The commission shall
 make a determination as to its jurisdiction with respect to all complaints.
 Notwithstanding any other provision of this chapter to the contrary, if a complaint
 is not filed with the commission within one hundred eighty days of the alleged act
 of discrimination, the commission shall lack jurisdiction to take any action on such
 a complaint other than to dismiss the complaint for lack of jurisdiction. The failure
 to timely file a complaint with the commission may be raised as a complete defense
 by a respondent or defendant at any time, either during the administrative

 13
 proceedings before the commission, or in subsequent litigation, regardless of
 whether the commission has issued the person claiming to be aggrieved a letter
 indicating his or her right to bring a civil action and regardless of whether the
 employer asserted the defense before the commission.

 One obvious purpose of the amendments is to ensure that the Commission makes a

determination as to the timeliness of complaints prior to taking any other action. This is a

necessary conclusion because the Commission is deprived of the authority to investigate

complaints that are not timely filed, and is deprived of authority to take any action on such

complaints other than to dismiss. Id. Although the timeliness of Najib’s complaint is not at issue

in this appeal, we note that the amendments to section 213.075.1 provide that the Commission’s

authority to take particular actions are affected by the timeliness of a complaint, and that the

amendments do not categorize any other issue as affecting the Commission’s jurisdiction.

 Appellants point to the single sentence added in the middle of section 213.075.1, which

states: “The Commission shall make a determination as to its jurisdiction with respect to all

complaints.” Essentially, the Appellants argue that a determination of whether Mercy is an

“employer” under the Act is a jurisdictional determination contemplated by section 213.075.1,

and therefore the legislature intended to place an added requirement on the issuance of a right-to-

sue letter pursuant to section 213.111.1 in addition to the express requirements contained in

section 213.111.1. However, outside of the timeliness of complaints, section 213.075.1 is silent

as to what issues may affect the Commission’s “jurisdiction with respect to . . . complaints.” §

213.075.1.

 Due to the differences between administrative agencies and the courts of this state, a few

words are warranted regarding the jurisdiction of administrative agencies. See Cass Cnty. v. Dir.

of Revenue, 550 S.W.3d 70, 74 (Mo. banc 2018). The jurisdiction of an administrative agency is

 14
different than the subject matter jurisdiction of the constitutional courts of this state. Id. The

Missouri Commission on Human Rights is an administrative agency created by statute, see §

213.020, and its jurisdiction is limited to the authority granted to it by legislature. See State ex

rel. Mo. Pub. Def. Comm’n v. Waters, 370 S.W.3d 592, 598 (Mo. banc 2012). Unlike the courts

of this state which are constitutionally vested with subject matter jurisdiction, administrative

agencies are “merely conferred statutory authority to take certain actions.” See Cass County, 550

S.W.3d at 74. Accordingly, whether the Commission has authority to take a particular action

“with respect to a complaint” hinges on the action taken and the statutory authority provided for

the taking of such action. See id. Given the nature of the Commission’s jurisdiction, the general

requirement that the Commission determine its jurisdiction with respect to all complaints, if it

means anything outside of the timeliness determination, simply reinforces that the Commission

requires statutory authority to act and that the Commission must determine its authority to act

prior to acting.

 In this matter, the Commission had authority to “receive, investigate, initiate, and pass

upon complaints alleging discrimination in employment . . . because of . . . race, color, religion,

national origin, [and/or] ancestry[.]” § 213.030(7). “After the filing of any complaint, the

executive director shall, with the assistance of the commission’s staff, promptly investigate the

complaint[.]” § 213.075.3. As part of the Executive Director’s investigation, the Executive

Director is authorized to make a determination as to whether “probable cause exists for crediting

the allegations of the complaint[.]” Thus, the Commission and its Executive Director obviously

had the authority to begin administratively processing and investigating Najib’s complaint. The

administrative processing of the complaint was not completed within 180 days. At that point,

pursuant to section 213.111.1, the Commission had the authority (and the duty) to issue the right-

 15
to-sue letter and terminate the administrative proceedings at Najib’s request. The Commission

had statutory authority to take all of these actions it took within 180 days of the complaint’s

filing, and thus had “jurisdiction with respect to” Najib’s complaint to perform all of the actions

it had taken with respect to the complaint at that time. § 213.075.1.

 The Appellants assume that whether Mercy is an “employer” under the act is a matter of

whether the Commission had jurisdiction with respect to the complaint. However, what the

Appellants fail to recognize is that a complaint is comprised of allegations, which must then be

established in order to entitle the complainant to a remedy. The mere fact that an allegation is

disputed does not deprive the Commission of the authority to process or investigate a

complaint.10

 Section 213.075.1 provides the requirements for a complaint filed with the Commission:

 any person claiming to be aggrieved by an unlawful discriminatory practice shall
 make, sign and file with the commission a verified complaint in writing, within one
 hundred eighty days of the alleged act of discrimination, which shall state the name
 and address of the employer, employment agency, labor organization, or place of
 public accommodation alleged to have committed the unlawful discriminatory
 practice and which shall set forth the particulars thereof and such other information
 as may be required by the commission. . . .

Najib’s complaint alleged that Mercy was his employer under the Act and that Mercy committed

various unlawful practices, which were detailed in the complaint. That is, Najib’s complaint

10
 Even if we were to assume (which we do not) that the legislature intended the term “jurisdiction” as used in
section 213.075.1 to mean something similar to the subject matter jurisdiction exercised by courts for whom subject
matter jurisdiction is regularly conferred by statute (i.e., federal courts), the disputed allegation would not be a
matter of the Commission’s jurisdiction with respect to the complaint. See Holloway v. Pagan River Dockside
Seafood, Inc., 669 F.3d 448, 451 (4th Cir. 2012) (whether plaintiff was a “seaman” as required for the plaintiff to be
entitled to relief under the Jones Act was not a matter of subject matter jurisdiction but instead a matter of whether
plaintiff could establish that he was entitled to relief based on the pleadings and the evidence underlying the
pleadings). See also Arbaugh v. Y&H Corp., 546 U.S. 500, 516 (2006) (whether defendant had requisite number of
employees so as to be an employer under Title VII was not a matter of subject matter jurisdiction but instead a
matter of whether plaintiff could establish on the merits a necessary ingredient of the claim for relief).

 16
named Mercy as the “employer . . . alleged to have committed the unlawful discriminatory

practice[s]” set forth in his complaint. See § 213.075.1 (emphasis added). Najib provided the

name and address of Mercy in the boxes below an instruction that stated: “Named below is the

Employer . . . who discriminated against me[.]”

 The Commission is not deprived of authority to process and investigate a complaint

based on a potential outcome of a determination on the merits of a disputed allegation – a

determination on the merits that the Commission did not make and is not required to make when

the Commission does not complete its processing within 180 days, and the complainant elects to

forego the administrative remedies available through the Commission.

 As a practical matter, the Commission necessarily had to have authority to investigate the

allegation that Mercy was Najib’s “employer” under the Act in order to make a determination as

to that disputed allegation. Whether Mercy was an “employer” under the Act depended on

whether Mercy fell within the exception to the definition of “employer” provided in section

213.010(8). Mercy contended that Mercy was “owned or operated” by a religious organization.

Whether Mercy was owned or operated by a religious organization depends on the facts of

Mercy’s ownership and/or operation. In order to have the authority to make a quasi-judicial

determination on the merits of this disputed allegation, the Commission necessarily had to have

authority over the complaint to conduct an investigation into Mercy’s ownership and/or

operation as well as the authority to make a determination as to whether Mercy was indeed

owned or operated by a religious organization. While one resolution on the merits of this

question would result in Najib being unable to establish that he had claims against an “employer”

under the Act (so as to be entitled to a remedy), an alternative resolution would establish that

 17
Najib’s claims were against an “employer” under the Act.11 The Commission did not make a

determination on the merits as to whether Mercy was an “employer” under the Act. But, the

Commission is not required to complete its investigation or administrative processing of the

complaint in every case. See § 213.111.1. When the Commission does not complete its

administrative processing within 180 days of the filing of the complaint, and the complainant

elects to forego the administrative remedies potentially available through the Commission,

opting instead to pursue the remedies available in a civil action, the Commission has authority to

– and is required to – issue a right-to-sue letter and terminate the administrative proceedings.

That is what happened in this case.

 Put another way, the Commission is not required, in its administrative processing, to

reach the merits of a complaint in every case. See § 213.111.1. The Commission is not deprived

of its authority with respect to a complaint simply because it might have, had it reached the

merits of a case, come to the conclusion that the complainant was not entitled to a remedy.

Although the filing of a complaint gives rise to the mandatory duties to investigate the complaint,

when the investigation is not completed within 180 days (and the complainant elects to forego

administrative remedies), it is irrelevant what determinations might have been made. For

example, a determination by the Executive Director that there is not probable cause to credit the

allegations of a complaint would be a determination that would result in the inability of the

Commission to provide a remedy to the complainant. But this determination is obviously not a

11
 We express no opinion as to whether Mercy was an “employer” under the Act. The Commission never made a
determination as to whether Mercy was an “employer” under the Act prior to losing authority to continue processing
Najib’s complaint. The mere fact that the Commission never reached the issue in the administrative proceedings
(when it had authority to do so) does not itself prevent Mercy from properly raising the issue of whether it is an
“employer” in subsequent proceedings in a related civil action filed pursuant to section 213.111.

 18
jurisdictional determination that deprives the Commission of authority to investigate or process

the complaint. And, when the Commission fails to investigate a complaint to the point of making

a determination as to the merits of the allegations, it cannot be said that the Commission lacked

authority with respect to the complaint.

 In sum, the Commission had authority to investigate and process Najib’s complaint. The

Commission was not deprived of the authority to do so simply because an allegation in the

complaint was disputed. Because the Commission did not complete its administrative processing

within 180 days of the filing of the complaint, the Commission had the authority to issue to Najib

a right-to-sue letter pursuant to Najib’s written request. In fact, the Commission was required to

issue to Najib a right-to-sue letter and terminate the administrative proceedings. § 213.111.1. At

that point, the Commission had no authority to continue to process the complaint further. The

circuit court did not err in directing the Commission to issue Najib a right-to-sue letter and

vacate the actions that the Commission had no authority to take.

 The Commission’s point one is denied. Mercy’s point two is denied.

 Mercy’s Point One

 In Mercy’s first point on appeal, Mercy argues that Najib was required to wait 180 days

from the filing of his complaint prior to requesting a right-to-sue letter. Mercy argues further that

any request submitted prior to the expiration of 180 days is void and to be given no effect even

after the expiration of 180 days. We disagree.

 As pertinent, section 213.111.1 provides:

 If, after one hundred eighty days from the filing of a complaint alleging an unlawful
 discriminatory practice pursuant to section 213.055 . . . , the commission has not
 completed its administrative processing and the person aggrieved so requests in
 writing, the commission shall issue to the person claiming to be aggrieved a letter
 indicating his or her right to bring a civil action within ninety days of such notice

 19
 against the respondent named in the complaint. . . . The commission may not at any
 other time or for any other reason issue a letter indicating a complainant’s right to
 bring a civil action. . . .

 There are two requisites to the issuance of a right-to-sue letter: (1) the Commission has

not completed its administrative processing of a complaint within 180 days of filing, and (2) the

complainant has requested a right-to-sue letter in writing. We do not interpret section 213.111.1

to require a complainant to wait 180 days before requesting a right-to-sue letter lest the request

be treated as a nullity. Although it is clear from the text of section 213.111.1 that a complainant

is not entitled to a right-to-sue letter until after 180 days have elapsed from the filing of the

complaint,12 nothing in the text of section 213.111.1 indicates that a request submitted to the

Commission prior to that time is void so as to make such a request a nullity.

 Our interpretation of section 213.111.1 is consistent with the purpose of the Missouri

Human Rights Act. The General Assembly has specifically instructed that the provisions of

Chapter 213 “shall be construed to accomplish the purposes therof[.]” § 213.101.1. The evident

purpose of section 213.111.1 is to provide a complainant with the option of pursuing an

alternative avenue toward a remedy in the form of a civil action when the Commission fails to

complete its administrative processing of the complaint within 180 days. The purpose of the

written request for a right-to-sue letter is to notify the Commission of whether the complainant

wishes to continue pursuing administrative remedies (in which case the Commission must

continue processing the complaint beyond 180 days) or instead wishes to pursue the remedies

12
 In 2017, the General Assembly added to section 213.111.1 the following language: “The commission may not at
any other time or for any other reason issue a letter indicating a complainant’s right to bring a civil action.” This
language was evidently added to prevent the Commission from issuing a right to sue letter prior to the expiration of
180 days. Prior to the amendment, Missouri courts had regularly interpreted the Act to allow the Commission to
issue right-to-sue letters prior to the expiration of 180 days. See, e.g., Farrow v. Saint Francis Medical Center, 407
S.W.3d 579, 586 (Mo. banc 2013).

 20
available in a civil action (in which case the Commission is required to terminate the proceedings

and issue the complainant a notice of his or her right to pursue a civil action). This purpose can

be accomplished whether the complainant notifies the Commission of this election before or

after 180 days have elapsed.

 Allowing a complainant to submit a request for a right-to-sue letter prior to the expiration

of 180 days promotes the conservation and efficient use of the Commission’s resources, which

have long been recognized to be “very limited.” See Igoe v. Dep’t of Lab. & Indus. Relations,

152 S.W.3d 284, 287 (Mo. banc 2005). In conserving these resources, it is appropriate for the

complainant to notify the Commission that the complainant does not wish to continue pursuing

an administrative remedy beyond 180 days prior to the expiration of the 180 days, so that the

Commission is aware that it need not continue processing the complaint on day 181, 182, or

however long the Commission would otherwise be forced to spend unnecessary resources on a

complaint that the complainant no longer wished the Commission to process but for the

unavailability of a mechanism to notify the Commission of this election prior to day 181.13

 Mercy makes further arguments that allowing a complainant to submit a request for a

right-to-sue letter before the expiration of 180 days results in there being no incentive for the

13
 Notably, the Commission does not challenge the timing of Najib’s request for a right-to-sue letter. Interestingly,
although not argued in Najib’s motion for summary judgment, Najib’s petition filed in the circuit court contained an
allegation that he requested a right-to-sue letter on February 12, 2020 (well after the expiration of 180 days).
Attached as an exhibit to the petition was a copy of that correspondence, which Najib incorporated by reference,
which reiterated the request made for the right-to-sue letter at the time of the filing of the complaint. The
Commission admitted this allegation. Mercy claimed that it had insufficient information as to whether to admit that
allegation and denied it. Rule 55.03(c)(4) provides that the denials of factual contentions may, when identified as
such, be reasonably based on a lack of information or belief. However, such a denial is only authorized “after an
inquiry reasonable under the circumstances[.]” Rule 55.03(c). It is unclear what reasonable inquiry Mercy may
have made with respect to this allegation. Even if we were to reverse the circuit court’s grant of summary judgment
on Mercy’s point one, the result would be to remand to the circuit court to determine whether Najib could prove that
he submitted a request for a right-to-sue letter after the expiration of 180 days – an issue that the Commission, the
party with knowledge of the correspondence the Commission received, conceded.

 21
complainant to participate in the administrative process. We disagree. 8 CSR 60-2.025(7)(B)

provides that the Executive Director may administratively close a complaint prior to setting the

case for public hearing “[f]or failure of the complainant to cooperate with the commission[.]”

This prospect of dismissal adequately ensures the complainant’s cooperation with the

Commission.

 Although a complainant is not entitled to a right-to-sue letter prior to the expiration of

180 days from filing, a written request for such a letter made prior to that time does not render

such a request a nullity. Rather, such a request serves the purpose of the requirement that a

request be submitted in writing and is effective upon the expiration of 180 days.

 Mercy’s point one is denied.

 The Commission’s Point Two

 In its second point on appeal, the Commission argues that the circuit court erred in

ordering the Commission to issue a right-to-sue letter to Najib because “section 213.111.1

permits the issuance of a right-to-sue letter only after the ‘filing of a complaint alleging an

unlawful discriminatory practice pursuant to section 213.055’ against an ‘employer.’”

Essentially, the Commission argues that Najib’s complaint failed to allege an “unlawful

discriminatory practice” because Najib named Mercy as his employer and, according to the

Commission, Mercy is not an “employer” under the Act.

 As discussed supra, the Commission has authority to process the complaint based on the

allegations of the complaint. Simply because an allegation in the complaint was disputed did not

deprive the Commission of authority to investigate and process the complaint. Najib alleged

what was required under section 213.075.1 so that the Commission had authority over his

complaint. Najib alleged that Mercy was his employer and that Mercy committed various

 22
unlawful discriminatory practices under the Act. The Commission was not deprived of authority

over the complaint simply because an allegation necessary to entitle Najib to a remedy was

disputed. Although a determination that Mercy was not an employer under the Act would have

led to the unavailability of a remedy under the Act such that dismissal would have been proper,

the Commission clearly had authority with respect to the complaint prior to making a

determination regarding that disputed allegation. As discussed supra, the Commission is not

required to reach the merits of every complaint and did not in this matter. The Commission did

not complete its administrative processing or make a determination regarding that disputed

allegation within 180 days. At that point, having received a request for a right-to-sue letter, the

Commission had no authority to continue processing the complaint or to take any action other

than to issue a right-to-sue letter and terminate proceedings.

 The Commission’s second point is denied.

 Mercy’s Points Three & Four

 Mercy’s third and fourth points contend that the circuit court erred in ordering the

Commission to issue a right-to-sue letter. Both of these points are premised on the Commission

having authority to continue processing Najib’s complaint more than 180 days after the filing of

Najib’s complaint despite having received a request for a right-to-sue letter from Najib.

Because, as discussed supra, the Commission had no authority to continue processing Najib’s

complaint beyond 180 days from the filing of the complaint, the circuit court did not err in

ordering the Commission to issue a right-to-sue letter.

 Accordingly, Mercy’s third and fourth points are denied.

 23
 Conclusion

 The judgment is affirmed.

 Thomas N. Chapman, Judge

All concur.

 24