

# In the Missouri Court of Appeals
## Eastern District

<u>DIVISION FOUR</u>

| | | |
|---|---|---|
| LISA K. MCKEEVER, | ) | No. ED111411 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| v. | ) | |
| | ) | |
| PROVIDENT, INC, and DIVISION OF | ) | |
| EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondents. | ) | Filed: December 26, 2023 |

Lisa K. McKeever appeals *pro se* from a Labor and Industrial Relations Commission order dismissing her claim for unemployment benefits as untimely. Because the record demonstrates McKeever's appeal to the Commission was untimely, this Court affirms the Commission's decision.

## Background

McKeever worked as an office administrator for Provident, Inc.  In August 2021, McKeever was discharged for multiple violations of Provident's policy to not share client information with third parties. McKeever applied for unemployment benefits.

In September 2021, a Division of Employment Security deputy determined McKeever was entitled to unemployment benefits because she was discharged due to Provident's

dissatisfaction with her work performance. Provident appealed to the Division's Appeals Tribunal.

On April 22, 2022, the Appeals Tribunal reversed the deputy's determination. The Appeals Tribunal disqualified McKeever from unemployment benefits finding she was discharged for misconduct connected to work. The Appeals Tribunal's decision stated that an application for review could be filed with the Commission within thirty days from the date of its decision.

McKeever filed her application for review with the Commission on November 14, 2022. The Commission dismissed her appeal, finding it had no statutory authority to review the record because McKeever's application for review was filed untimely. McKeever appeals.

**Standard of Review**

The Missouri Constitution and § 288.210,[1] govern this Court's review of Commission decisions. *Marx v. Div. of Emp. Sec.*, 666 S.W.3d 252, 255 (Mo. App. 2023). Under article V, section 18 of the Missouri Constitution, this Court reviews the Commission's decision to determine if it is "supported by competent and substantial evidence upon the whole record." *Cosby v. Treasurer of Mo.*, 579 S.W.3d 202, 205 (Mo. banc 2019) (quoting Mo. Const. art. V, sec. 18).

> Section 288.210 provides that this constitutional right may be exercised by filing a notice of appeal with the Commission and sets forth the standard of review that courts must apply: 'The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law.'

*Seck v. Dep't of Transp.*, 434 S.W.3d 74, 78 (Mo. banc 2014) (quoting § 288.210). This Court may overturn the Commission's decision if the Commission exceeded its statutory authority, the

---

[1] All statutory references are to RSMo 2016.

2

decision was attained by fraud, the facts do not support the award, or there was insufficient evidence to support the award. Section 288.210(1)-(4).

## Analysis

McKeever claims the Appeals Tribunal erred in determining that she was not entitled to unemployment benefits. McKeever argues her work performance could not be a reason to terminate her because Provident used a "no fault" attendance policy, which did not rely upon her work performance.

This Court's review is limited to review of the Commission's decision—not the Appeals Tribunal's decision. Mo. Const. art. V, sec. 18. "An issue appropriate for, but not addressed with the [C]ommission, cannot be litigated on appeal." *St. John's Mercy Health Sys. v. Div. of Emp. Sec.*, 273 S.W.3d 510, 516 (Mo. banc 2009).

The Commission determined that McKeever failed to file her application for review within thirty days as required by § 288.200.1. As a result, the only issue for this Court is whether the Commission's decision is supported by substantial evidence on the whole record and whether the Commission correctly applied the law. *Beebe v. Naviaux*, 327 S.W.3d 576, 578 (Mo. App. 2010).

Any party seeking review of the Appeals Tribunal's decision must file an application for review within thirty days after the "date of notification or mailing" of the Appeal Tribunal's decision. Section 288.200.1. The Appeals Tribunal's decision was dated and mailed to McKeever on April 22, 2022. McKeever's application for review by the Commission was due on May 23, 2022. McKeever did not file her application for review until November 15, 2022. Therefore, her application for review by the Commission was untimely. The Commission did not have the statutory authority to consider the merits of an untimely filed application for review

3

and, accordingly, it was required to dismiss the application. *Dewes v. Div. of Emp. Sec.*, 660 S.W.3d 489 (Mo. App. 2023); 8 C.S.R. 20-4.010(6). The Commission properly dismissed McKeever's application for review because it lacked statutory authority. Accordingly, the Commission's order is affirmed.

The Commission has asked this Court to dismiss this appeal rather than affirming the decision. This position finds support in several recent opinions of this Court, which dismissed a claimant's appeal after finding that the claimant did not file a timely application for review with the Commission. *See, e.g., Herrmann v. Div. of Emp. Sec.*, 673 S.W.3d 889 (Mo. App. 2023) (finding the claimant failed to present an appealable issue for review); *Fast v. Div. of Emp. Sec.*, 671 S.W.3d 390 (Mo. App. 2023) (same); and *Jacobson v. Syberg's Eating & Drinking Co., Inc.*, 652 S.W.3d 376 (Mo. App. 2022) (finding this Court's jurisdiction is derivative of the Commission's "jurisdiction").

These opinions largely rely on case law that traces back to before the Supreme Court of Missouri's opinion in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009). In pre-*Webb* cases, appellate courts held that if an application for review to the Commission was filed out of time, then the Commission lacked jurisdiction. *See, e.g., Garlock v. Global Products, Inc.*, 241 S.W.3d 855, 856 (Mo. App. 2007). If the Commission did not have jurisdiction, then neither did this Court. *Id.*

*Webb* clarified the way Missouri's courts are to address the concept of jurisdiction. Post-*Webb*, this Court views the timeliness of an application for review as a question of whether the Commission has the statutory authority to act, as opposed to whether it has jurisdiction.[2] *See*

---

[2] "The commission is not constitutionally vested with subject matter jurisdiction, as the courts of this state are; rather, it is merely conferred statutory authority to take certain actions. This authority statutorily granted to the commission should not be equated to the subject matter jurisdiction constitutionally granted to courts. *Cf. J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009); *see also McCracken v. Wal-Mart Stores E.*, 298

4

*Webb*, 275 S.W.3d at 254; s*ee also Boles v. Div. of Emp. Sec.*, 353 S.W.3d 465 (Mo. App. 2011) (noting that the timeliness of an application for review to the Commission is matter of statutory authority, and not jurisdiction).

This Court has general appellate jurisdiction over all cases not within the exclusive jurisdiction of the Supreme Court. Mo. Const. art. V, sec. 3. And, section 288.210 gives this Court the authority for judicial review of the Commission's decisions. Under that statute, any party aggrieved by the Commission's final decision has twenty days to "appeal the decision to the appellate court having jurisdiction in the area where the claimant or any one of the claimants reside." *Id*.

As a result, so long as the notice of appeal to this Court is timely filed,[3] this Court has jurisdiction to resolve the appeal regardless of the timeliness of the claimant's application for review by the Commission. *See Ward v. Div. of Emp. Sec.*, 600 S.W.3d 283, 287 n.3 (Mo. App. 2020); *Boles*, 353 S.W.3d at 468 n.4; *Beebe*, 327 S.W.3d at 578 n.3. In such a situation, this Court must address whether the Commission's decision dismissing the application for review was accurate rather than summarily dismissing the appeal. *See, e.g., Dewes*, 660 S.W.3d at 489; *Schmidt v. Ritter Horticultural Servs., Inc.*, No. ED 110938, 2023 WL 6558922 (Mo. App. Oct. 10, 2023). An outright dismissal of the claimant's case deprives the claimant of this Court's insight and ability to rectify any error by the Commission.

---

S.W.3d 473, 478 (Mo. banc 2009) (noting "sloppy references" to "subject matter jurisdiction" lying with an administrative body rather than a court)." *Cass Cnty. v. Dir. of Revenue*, 550 S.W.3d 70, 74 (Mo. banc 2018). *See also Treasurer of State - Custodian of Second Inj. Fund v. Mickelberry*, 606 S.W.3d 150, 155 (Mo. App. 2020) (applying *Cass County* to an appeal from the Labor and Industrial Relations Commission).

[3] Had McKeever failed to file a timely notice of appeal from the Commission's decision, the proper disposition would be to dismiss the appeal because § 288.210 does not allow the filing of a late notice of appeal. *Ruiz v. DOTec Corp.*, 651 S.W.3d 227, 229-30 (Mo. App. 2022).

We decline the Commission's invitation to dismiss this appeal. This Court has jurisdiction to hear McKeever's appeal because she timely filed her notice of appeal from the Commission's decision. Because competent and substantial evidence supports the Commission's determination that McKeever's application for review was untimely, the Commission's decision is affirmed.

## Conclusion

This Court affirms the Commission's order dismissing McKeever's untimely administrative appeal.

_____
John P. Torbitzky, P.J.

James M. Dowd, J., and
Michael S. Wright, J., concur.

6